GRIDLEY and others *vs.* GARRISON & FORMAN.

The court of chancery will entertain a suit for an equitable set-off of one judgment against another, although the complainant has another remedy by a summary application to the court of law in which the judgment against him was recovered.

But as the complainant, in ordinary cases, has a more cheap and expeditious remedy, by the application to the equity powers of the court of law, such suits in this court will be discouraged by refusing costs to the complainant, except in special cases.

The lien of the attorney, for his costs of the suit, is paramount to the claim of the adverse party, to set off a judgment recovered against the client in another suit.

THIS was an appeal from a decree of the late equity court October 21. of the seventh circuit. The complainants, in October, 1825, recovered a judgment against W. Garrison in the Onondaga common pleas, for about $400. They afterwards took out a ca. sa., but by mistake it was issued as upon a judgment in the supreme court. An action of false imprisonment was thereupon brought by Garrison, in the supreme court, against H. Raynor, one of the complainants, who delivered the erroneous ca. sa. to the sheriff, and a judgment was recovered against him for $60 and the costs of suit. The defendant S. Forman was the attorney for Garrison in the last mentioned suit, and being entitled to the costs, he took from Garrison an assignment of so much of the judgment as related to the costs, although he had previously been informed by the attorney for the complainants that they intended to apply to offset the judgment in favor of Garrison against an equal amount of their judgment against him. The complainants thereupon filed their bill in the present suit to compel an offset, alleging therein that Garrison was insolvent. The defendant Forman insisted upon his right to the costs; and Garrison, who put in a separate answer, alleged that he had assigned a mortgage to the complainants and D. W. Forman, as a collateral security for their judgment, and that the proceeds of certain personal property should also be applied towards the judgment. Upon the hearing before the equity court, the facts stated in the bill

1834.

Gridley
v.
Garrison.

were established ; but the circuit judge directed the bill to be dismissed, with costs.    From that decree the complainants appealed to this court.

*N. P. Randall,* for the complainants.   The court of chancery has competent authority and is the proper tribunal to allow the set-off prayed for in the bill.    (*Ex parte Stevens,* 11 *Vesey, jun.* 24.   *Ex parte Haman,* 12 *Id.* 345.    *Simpson* v. *Hart,* 14 *John. R.* 63.)

The judgment in favor of the complainants against Garrison is a liquidated demand, and sufficiently certain to authorize the set-off.

The defendants have not proved the alleged agreement to apply the avails of the property purchased by H. Raynor, on the judgment in favor of the complainants.    The agreement set up in the answer, being a distinct fact and not called for by the bill, must be proved.    (14 *John. Rep.* 63.)    And the agreement, if proved, is void for want of consideration.

The assignment of Orin Dean's mortgage to D. W. Forman, as a trustee, is shown not to have been available, and the cestui que trusts, not having received the benefit of it, are not affected by it.

The receipt of the small sums by Raynor will not affect the right of set-off, so long as it is manifest there remains a balance due on the judgment in favor of the complainants, more than sufficient to cover the judgment of Garrison.    A partial payment of a judgment cannot affect the right of set-off.    The rule that uncertain and unliquidated demands cannot be set-off is not applicable to a case where the demands on both sides have been liquidated by judgment ; but to a case where the demand on one side only has been liquidated, as in *The Mohawk Bank* v. *Burrows,* (6 *John. Ch. R.* 317.)

The judgment, not being between the same parties, cannot affect the right of set-off; especially as the complainants all assent to it, and as they are all equitably interested.   The authorities upon this point are numerous.    I refer to the following : *Mitchell* v. *Oldfield,* (4 *Durn. & East,* 123 ;) *Deriem* v. *Elliott,* (2 *H. Black.* 588 ;) *Schoale* v. *Noble,* (1 *Id.* 23 ;) *Na-*

*vy* v. *Brigham*, (*Idem*, 217 ;) *Cramer* v. *Morphy*, (*Idem*, 657 ;) *Simpson* v. *Hart*, (1 *John. Ch. Rep.* 91 ;) *Durwer* v. *Lyon*, (3 *Id.* 358.)

The attorney of Garrison has no lien for the amount of his account, which can prevent the set-off between the parties. S. Garrison, in his answer, disclaims all interest under the assignment, and relies only on his lien as attorney. This is not sufficient to prevent the set-off. (*Mohawk Bank* v. *Burrows*, 6 *John. R.* 317. 13 *John. R.* 307.)

The equity of the case requires that the demands should be set-off, as it is sufficiently shewn that without it the complainants will lose their demand by the insolvency of Garrison, who seeks to collect the debt due him, while he refuses to pay the one existing against him. And as to a court of law having jurisdiction and being the proper tribunal to grant the relief, it will be observed that the defendants did not, in their answer, insist upon that fact, but submitted the question to this court. They could not, therefore, on the hearing, object that a court of law was the proper tribunal ; and if they could not raise the objection, it seems to follow of course that the vice chancellor erred in refusing to grant relief upon a ground that the defendants were precluded from insisting upon. (*Grandin* v. *Le Roy*, 2 *Paige*, 509.)

*H. Baldwin*, for the defendant Garrison. A court of equity will not compel an offset of judgments between parties of different and distinct rights and interests, and where there is no mutuality. The court will not compel Garrison to set off his judgment against Henry Raynor only, against the judgment of the complainants againt him, because there is no mutuality. Garrison could not compel the complainants to offset, because he can enforce his judgment against Henry Raynor only. Suppose Henry Raynor was insolvent, could Garrison collect his judgment of the other complainants, or compel them in a court of equity to offset ? All the authorities establish this principle : " If the legal or equitable claims or liabilities of many become vested in, or may be urged against one, they may be set off against separate demands," and vice

versa. (*Simpson* v. *Hart*, 14 *John. R.* 75, *per Spencer, J. and the cases there cited.*) This principle embraces only two classes of cases : 1. Where the legal or equitable claims of many are vested in one, that one may offset the same against a separate demand, that is, a demand against him alone. 2. Where the legal or equitable liabilities of many may be urged against one, that one may offset the same against a separate demand, that is, a demand against him alone. And the reverse of these two cases is, that a person having a demand against several, which may be urged or enforced against one of them, or for which demand one of them is legally or equitably liable for the whole, such person can compel an offset of his demand against the several persons, against the demand of any one of those several persons, who is liable for the whole. If the claims of the complainants against Garrison, to wit, their judgment, were vested in Henry Raynor, perhaps he might then offset that judgment against Garrison's judgment. But the interest of Gridley and Willet Raynor is not vested in Henry Raynor by assignment or otherwise; neither are there any legal or equitable liabilities as to the complainants which can be urged against one of them, for Henry Raynor alone is liable on the Garrison judgment, must pay the whole, and he cannot legally or equitably claim contribution from the other claimants. If Garrison's judgment were against all the complainants, and one of them had a judgment against him, then either party could compel an offset, because the legal and equitable liabilities of the complainants could be urged against the one who should have the judgment against Garrison ; and all the authorities are so, and predicated upon that principle. Shall the complainants say that they were willing and offered to let Henry Raynor offset their interest? Still they are not bound so to do, nor does that offer or willingness vest any of their rights in Henry Raynor. Neither could Garrison compel them to offset ; their offer was without any binding or legal force on the complainants, Gridley and Henry Raynor. And though Garrison may be insolvent, it is no reason that he shall be compelled to pay the complainants in preference to his other creditors ; and what is conclusive, it is mutuality that constitutes the very essence of the

principle of set off. (2 *Cowen*, 173, *per Woodworth, J.* 4 *John. Ch. Rep.* 11. 3 *Id.* 351. 14 *John. Rep.* 75, *per Spencer, J.*) The complainants' judgment being by confession, and as security against the endorsement of his note, is subject to the original equitable claims between the parties interested previous to the condition of the judgment. And there are persons interested in those claims and in the judgment who are not parties to this suit. Daniel W. Forman, the witness, should be a party to this suit. If, then, D. W. Forman is not a party to the suit, the court cannot decree relative to the bond and mortgage, or the monies received thereon. The answer of Garrison is evidence as far as it relates to the payment of the complainants' judgment; and the judgment being paid, either wholly or in part, and being unliquidated, cannot be set off. The whole answer to every interrogatory must be taken together; and being responsive to the bill, is therefore evidence. (*Woodcock* v. *Bennet*, 1 *Cowen*, 711; *per Woodworth, J.* 742; *Argument of Emmet*, 744, *note a. Field* v. *Holland*, 6 *Cranch's R.* 24.) The offset of judgments in a court of equity, and particularly where the parties are different, has been allowed only in cases where the whole judgments were due. Courts of law have the same powers to set off judgments as courts of equity; and if either of the judgments are unliquidated, how shall they liquidate them? The defendants are entitled to costs, whether the offset be allowed or not. The defendant Garrison could not, if the offset was proper, consent to it until the complainants accounted for the money and property received on their judgment; for he swears in his answer that he believed the judgment was paid in full; and his answer is certainly evidence with respect to costs. (*Vancover* v. *Bliss*, 11 *Vesey*, 458.)

*E. W. Leavenworth*, for the defendant Forman. The attorney's lien for costs will be preserved where the judgments intended to be set off are in different rights. It cannot consist with equity to take his earnings and bestow them upon Gridley and Willet Raynor, who are strangers, and who, even as it regards Garrison, are not entitled to the equitable interposition of the court; for all the equities of the complainants' case cen-

tre in Henry Raynor. (1 *Paige's Rep.* 622.) Inasmuch as there are claims to be investigated between the parties to these judgments, this defendant is not to be delayed in the collection of his costs until those claims are settled. (*Mohawk Bank* v. *Burrows*, 6 *John. Ch. Rep.* 317.) The defendant Garrison's answer is evidence for this defendant. The complainants have read the whole of S. Forman's answer, wherein he states Garrison's declaration of the payment of the complainants' judgment, thereby making Garrison's declarations evidence in the cause. By that answer, all the equities of the complainants' bill are denied. He is a competent witness, not having any interest in the question of costs. That this defendant ought not to be subjected to costs of the set off, is allowed.

-THE CHANCELLOR. The judge, in delivering his opinion in the equity court, puts his decision upon two grounds : *First,* That the complainants' demand is unliquidated, inasmuch as several payments and offsets are claimed ; and *Secondly,* That the remedy of the complainants was adequate at law. Their judgment, however, was not an unliquidated demand, within the meaning of the rule to which the circuit judge refers. It was so far liquidated that they were entitled to take out an execution for the balance due thereon, subject to the right of the defendant to apply for summary relief if they attempted to collect more than was justly due. If it was doubtful whether enough remained due to pay the judgment which was to be off-set, it should have been referred to a master to report and ascertain what payments had been made. The total insolvency of Garrison, and the fact that he had a judgment on which an execution had been taken out and served, showed that there was no remedy at law which ought to deprive the complainants of the right to apply to a court of equity for relief.

The right of a party to apply to the equity powers of a court of law, to set off one judgment against another, is not such a remedy at law as will deprive this court of its jurisdiction to decree a set off in such cases. At most it is only a concurrent jurisdiction in a court of law to grant the relief sought.

And where this court originally had jurisdiction in a particular case, it cannot now decline jurisdiction, because courts of law have recently commenced the exercise of a jurisdiction, in similar cases. In the case of a set off of this description this court cannot refuse to take jurisdiction of the cause, without overruling the decision of the court for the correction of errors, in the case of *Simpson* v. *Hart*, (14 *John. Rep.* 63.) I agree that parties should not be encouraged to come into this court for relief in such cases, when there is a very cheap and much more expeditious remedy by an application to the equity powers of the court in which the judgment is rendered. The proper mode, however, of remedying that evil is not by refusing to exercise the long established jurisdiction of this court in such cases, but by refusing to give costs to the complainant, who has subjected his adversary to the useless expense of a litigation in this court instead of making a summary application to the court of law. In this case there is no doubt, from the evidence, that there was more due upon the complainants' judgment than the amount of damages in the judgment recovered by Garrison; but I see no cause for coming into a court of equity for relief, except for the purpose of multiplying costs unnecessarily. I think the equity court, therefore, instead of dismissing the bill, with costs, as against Garrison, should have directed the part of that judgment which belonged to him to be off-set, against so much of the complainants' judgment, but without costs.

The rights of the complainants as against S. Forman, the attorney, are entirely different. Their counsel seems to suppose that he obtained his equitable claim to the costs by the assignment, which was subsequent to the time when their equitable right of set off accrued; and that they are therefore entitled to relief, as having the prior equity. In this, however, their counsel has mistaken the law of this court. The attorney had an equitable lien for his costs independent of and long previous to the assignment; in fact, from the commencement of the suit. Which lien was paramount to any claim of set off in another suit. This question was so fully considered in the case of *Dunkin* v. *Vandenburgh*, (1 *Paige's Rep.* 622,) that it is only necessary to refer to the decision in that

case, as having settled the question in this court. I may also observe that it has recently been decided in the same way in the court of king's bench, in Ireland. (*See Reddy* v. *Brad-shaw, Batty's Irish Term Rep. 566. Uniacke* v. *Howard, Id.* 568.)

The decree appealed from, so far as respects the dismissal of the bill, as against Garrison with, costs, must be reversed; and a decree must be entered, allowing the set off to the ex-tent of the damages in his judgment. But so far as respects the dismissal of the bill, with costs, as against the defendant S. Forman, the decree is affirmed; and neither party is to have costs as against the other, upon this appeal.