## FITCH vs. BALDWIN and others.

A defendant in a creditor's bill who has succeeded in obtaining a decree for costs against the complainant, upon the dismissal of the bill, may be compelled to have his costs set off against an equal amount of the judgment of the complainant.

The right of a complainant who has a judgment at law against a defendant, to have his judgment set off against the costs recovered by the defendant in this court against the complainant, is superior to the *lien* of the solicitor for the defendant, upon the decree for costs.

THE complainant, by his petition, shows that he had become the owner of several judgments against Baldwin, Williams and Palmer, three of the defendants in this cause. Some time since he filed a creditor's bill in this court, founded upon the return of execution unsatisfied, upon two or more of those judgments, to which bill the defendant Baldwin put in an answer.

The injunction allowed upon filing the bill, was dissolved by the Vice Chancellor upon a technical ground, which decision was affirmed by the Chancellor upon a technical ground, but different from that taken by the Vice Chancellor. Baldwin afterwards set down the cause on bill and answer, and obtained a decree of dismissal of the bill, with costs. Previous to such decree, Baldwin had made an assignment of all his property, and is alleged to be insolvent. An execution has been issued and levied upon the property of the complainant, for the payment of the costs so awarded. The complainant now prays that the costs may be offset against an equal amount of some one of the judgments which he holds.

*C. B. Lord,* for complainant.

*N. K. Hall,* for defendant Baldwin.

THE VICE CHANCELLOR. The defendant Baldwin and his solicitors all show by their affidavits, that Baldwin has not paid or secured the solicitors for their costs in their defence of this suit for Baldwin, not even the disbursements; and it seems to be admitted that Baldwin is insolvent. The defence to this motion principally rests upon the ground that the solicitors have a lien upon the decree, for their costs; in other words, it is rather the defence arising out of the claims of the solicitors, than any defence of Baldwin's.

It is true there are some allegations in Baldwin's affidavit, in relation to the equitable interests of the complainant in the judgments, but they are hardly precise enough to guide the judgment of the court.

I shall therefore look upon this case as simply presenting the question of the solicitor's lien upon a judgment or decree for costs, as against the right of the other party to offset a previous judgment against the client of the solicitors. This is a much vexed question, and different courts have heretofore adopted different rules for their government.

A motion to set off one judgment against another, is always addressed to the discretion of the court; but that discretion is not the arbitrary opinion of the presiding judge, but must be governed by good sense and the application of settled principles. As in this respect all courts have the same power, it is to be regretted that all courts have not adopted the same general rules.

Of the law and the cases, enough may be found

Jan. 1841.

Fitch
v.
Baldwin
and others.

in Dunkin vs. Vandenburgh, 1 Paige, 622 ; Gridley vs. Garrison, 4 Paige, 647 ; and Nicoll vs. Nicoll, 16 Wendell, 446. The last case was in the court for the correction of errors, and was later, in point of time, than either of the two others. This case, it is true, was upon a bill ; but the principles which seem to have been recognized by the court, in the opinion of Justice Cowen, would apply as well to motions to offset judgments, as to a bill for that purpose. Upon such motions there is a larger scope allowed, than in suits. The one is decided upon the equitable spirit of the statute in relation to set offs : the other, upon the letter. I feel constrained to adopt what I conceive to be the decision of the court for the correction of errors, and grant to the complainant the prayer of his petition. The complainant must, however, pay the sheriff's fees under the execution in favor of Baldwin.

Order that the decree for costs in this cause, in favor of the defendant Baldwin, which are embraced in the execution against the complainant therefor, to set off and deducted as payment, *pro tanto*, and in discharge of an equal portion of any of the judgments held by the complainant against the defendant Baldwin, and others mentioned in his petition ; and that upon a receipt to that effect being executed by the complainant to the defendant Baldwin, the execution in his favor, so far as regards the amount of his costs, be declared satisfied and discharged. The complainant to pay the sheriff's fees on such execution.