GEORGE K. ROBERTS, Respondent, v. JOHN W. CAR-
TER and EDMUND TERRY, Appellants.

*Set-off—Tort Contract—Judgment—Assignment.*

Damages in an action for fraud in obtaining the possession of personal prop-
erty cannot be set off against a claim for rent.

Where R. was prosecuting an action against C. for such damages, and C. was
prosecuting an action against R. for rent, and both actions were referred to
the same referee, who, on the same day, reported in favor of each Plaintiff,
the Plaintiff C., before judgment was entered on either report, assigned his
claim against R., and the report therefor to his Attorney T., in consideration
of his indebtedness at that time to T.

*Held,* that this assignment was effectual to prevent a set-off.

Judgment was, by leave of Court, afterwards entered up in the name of T.
against R., after which R. entered judgment against C., and commenced this
action to compel a set-off of the one judgment against the other. *Held,* that
he was not entitled to the set-off.

APPEAL from order of the General Term of the Supreme
Court in the First District, reversing a judgment for the Defend-
ant at Special Term, and ordering a new trial.

The facts sufficiently appear in the opinion of the Court.

WOODRUFF, J.—If this case is before us for review upon the
pleadings and proofs, as under the former practice, on an appeal
from the decree of the Court of Chancery, I think the order ap-
pealed from should be reversed, and the judgment at Special
Term affirmed.

The action is brought as a bill in equity to compel the set-off,
or application of a judgment, entered in the name of the Defend-
ant Terry against the Plaintiff for $319.43, upon and towards
the satisfaction of that amount, parcel of a judgment recovered
by the Plaintiff against the Defendant Carter.

It appeared on the trial that the two actions in which such
judgments were recovered were pending at the same time, had

been referred to the same referee, and he reported therein on the same day.

That the action against the Plaintiff was brought by Carter in his own name, the cause of action being a claim for rent; and that, on the day on which the referee made his report, Carter assigned the claim to his attorney, the Defendant Terry, in consideration of his indebtedness to Terry.

The action in favor of the Plaintiff, so far as I can discover from the case, was an action to recover damages for an alleged fraud in the sale of certain personal property.

Immediately after the assignment to Terry, he applied ex parte to the Supreme Court for an order substituting him as Plaintiff in place of Carter, and thereupon, on the 23d of July, 1857, entered up and docketed judgment on the report, in his own name, for $149.17 reported due, and $170.26 costs, amounting together to $319.43.

On the 3d of August following, the Plaintiff perfected his judgment against the Defendant Carter for $820, the amount reported by the referee, and $221.12 costs, amounting together to $1,040.12.

An appeal appears to have been taken from this judgment, and the same was affirmed in General Term, and executions were issued thereon, which were returned unsatisfied in 1859, and thereupon a ca. sa. was issued, on which the Defendant Carter was taken and imprisoned, and so remained at the time when this action was commenced to compel the set-off.

Upon these facts I am not able to perceive that, on the 21st day of July, 1857, when the Defendant Carter assigned his claim for rent to the Defendant Terry, the Plaintiff had any title, legal or equitable, to the set-off which in this action he claims, and if not, then he certainly did not acquire any right after such assignment took place.

At law his right of set-off did not exist. He was sued for money due upon contract. He was suing to recover damages for a tort. As to such claims, no right of set-off existed.

If either party had desired to make such set-off in the actions

then pending, it could not be allowed (Code, § 150, notes; 2 Rev. Stat. 354, § 18, subd. 1).

On the day of the assignment no right of set-off existed.

It was only upon the entry of judgment that the Plaintiff came into a situation to claim a set-off, either by motion or by bill in equity, and before that time the claim of Carter had been assigned, for a valuable consideration, to his attorney, the Defendant Terry. Non constat, at the time of such assignment, that the Plaintiff would recover any judgment.

It may be conceded that Terry took the assigned claim subject to all the equities which then existed in favor of the Plaintiff.

This seems to be the ground on which the reversal of the judgment was placed by the General Term. But at that time no equities did exist, according to any facts proved or found in this case, if the opinion of the Judge at Special Term may be consulted to ascertain what he did find.

He says: " Had the insolvency of Carter, charged in the complaint, been proved, I should now hold the Plaintiff entitled to the set-off on that ground. But, insolvency being denied in the answer, and there being no proof, the Plaintiff cannot have relief on that ground."

If it had been proved, as charged, that Carter, being insolvent, had notice that the referee had or would probably report against him, and had with Terry fraudulently contrived this scheme of assigning the claim, in order to prevent the exercise of the equitable power of the Court to set off one judgment against the other, a different question might have been presented.

No such facts appear to have been found.

Upon the mere fact that the Plaintiff had obtained a report in his favor, no right, legal or equitable, arose which prevented the assignment to Terry.

In this view it is wholly immaterial whether the substitution of Terry as Plaintiff was regular or not, though I apprehend it was perfectly good until it was set aside on motion for that purpose.

It was the *assignment*, and not the entry of the judgment in Terry's name, which prevented the accruing of any right of set-off.

And the views thus expressed are in nowise inconsistent with the case of Nicoll *v.* Nicoll (16 Wend. 446).

They proceed upon the single ground that, in the absence of insolvency or fraud, the assignment was operative to prevent a set-off against a claim founded in tort, and not in judgment when the assignment was made.

By this I do not mean to say that mere insolvency would make any difference, since at that time the right of set-off did not exist.

I think the conclusion of the Judge at Special Term was correct, and that the order of the General Term should be reversed, and the judgment at Special Term should be affirmed.

Reversed.

JOEL TIFFANY,
State Reporter.