Andrew J. Perry, Appellant, *v.* Elisha W. Chester et al., Respondents.

A defendant has a right to assign to his attorney the prospective costs against his adversary in consideration of the services to be rendered by the attorney in earning such costs, and where such transfer has been ·made, in case the defence is successful, the claim of the attorney to a judgment for the costs cannot be defeated by setting off against the same a prior judgment in favor of the plaintiff against the defendant.

R. obtained judgment against N. To enforce it he commenced an ·action against N. and another, which was decided adverse ·to R. N. assigned to plaintiff, his attorney, all costs which had accrued or might thereafter accrue in consideration of plaintiff's services in the action. A separate judgment was perfected in favor of N. for costs. R. appealed and gave an undertaking on appeal. He assigned the original judgment against N. to ·C., one of his sureties. The judgment was ·affirmed. N. then assigned the undertaking to plaintiff, who ·brought this action thereon. Defendants thereupon set up in their answer and proved the judgment and assignment to C., and asking to set-off the same against plaintiff's claim, and that it be held a valid counter-claim, etc. *Held*, that the action being upon ·a ·joint liability, the defendants did not establish a counter-claim; that the assignment of the costs to plaintiff was valid, and vested in equity the title to the undertaking in him; that at the time of such assignment R. had not the right to set-off his judgment, and the subsequent entry of judgment in favor of N. did not create·that right, and that therefore no equitable right to off-set the judgment ever existed; also, that plaintiff's right was not affected by failure to give ·notice ·to R. or C. of the assignment to him, as the object of such notice is to protect one dealing with the assignor, and as neither R. nor C. were injured by the want thereof here.

(Argued May 14, 1873; decided September 23, 1873.)

Appeal from judgment of the General Term of the Superior Court of the city of New York in favor of defendants, entered upon an order denying motion for a new trial and directing judgment on a verdict.

This action was brought upon an undertaking given upon an appeal to the Court of Appeals in an action wherein Samuel C. Reed was plaintiff and Philip Nussbaum and David Allerton defendants.

Reed had, in 1862, recovered a judgment against Nussbaum in the Superior Court for $1,545.10.   He therefore brought the said action against Reed and Allerton to enforce said judgment.   Nussbaum defended, the plaintiff herein appearing as his attorney.   The defence was successful, and on the 10th January, 1865, Nussbaum assigned to plaintiff by instruments in writing all his right and interest in and to the costs which might accrue by reason of a judgment therein in his favor, and to all costs which might thereafter be recovered.   Judgment was perfected January 17th, 1865, in favor of Nussbaum against Reed for $207.75 costs and disbursements.   Reed appealed to the General Term, where the judgment was affirmed, and on the 12th January, 1866, judgment was perfected in favor of Nussbaum on appeal of affirmance and for costs, $77.81.   Reed then appealed to the Court of Appeals, giving an undertaking executed by the defendants conditioned to pay the costs on appeal, and the judgment appealed from in case of affirmance.   The judgment was affirmed by the Court of Appeals, and on the 31st May, 1871, judgment of affirmance was perfected upon the remittitur and for $202.52 costs.   On the 27th June, 1871, Nussbaum assigned the undertaking; which is the one in suit, to plaintiff. Defendants set up in their answer the original judgment in favor of Reed against Nussbaum, and an assignment thereof on the 19th February, 1866, to defendant Chester.   They alleged that Nussbaum at the time of the recovery of the judgment was and now is wholly insolvent, and that an execution upon said judgment had been returned unsatisfied, and thereupon they asked that so much of said judgment as was necessary to satisfy plaintiff's claim should be set-off against the same, and that said judgment should be a good and valid counter-claim.   The facts alleged in the answer were substantially proved upon the trial, and thereupon the court directed the jury to find a verdict for defendants. Exceptions were ordered heard at first instance at General Term.   Further facts appear in the opinion.

*Geo. W. Stevens* for the appellant. The judgment recovered by Reed against Nussbaum was not a subject-matter of set-off or counter-claim. (2 R. S., 354 [marg. pag.], § 18, sub. 6; Code, § 150; *Gillespie* v. *Torrance,* 4 Bosw., 36; S. C., 25 N. Y., 306.)

*E. W. Chester* for the respondents.

CHURCH, Ch. J. There is no opinion of the General Term, and we can only conjecture the reasons for the decision in favor of the defendants from an opinion of the Special Term, furnished, but not contained in the case, purporting to have been delivered in overruling a demurrer by the plaintiff to the answer of the defendant, Gilbert. It is claimed by the defendants that this decision must be regarded as the law of the case, on the ground that the plaintiff accepted it by pleading over. There are several answers to this position : 1. Neither the demurrer nor the decision thereon is in the record ; 2. If they had been, the decision would have been reviewable in this court, as an intermediate order, under section 11, subdivision 1, of the Code ; 3. The decision puts the right of the defendants to an equitable set-off upon the ground that the defendant in the judgment sought to be set-off was insolvent, which was alleged in the answer demurred to, but which was not proved, and does not appear upon the trial. The judgment was not a set-off or counter-claim, either under the Revised Statutes or Code. Section 150 of the Code, which is the more favorable to the defendants' right than the Revised Statutes, permits a counter-claim in favor of one defendant and against the plaintiff, "between whom a several judgment might be had in the action."

The action in this case was upon a joint, and not joint and several liability, and a several judgment in such a case is not proper. (Code, § 274 ; 8 How. Pr. R., 434 ; 20 Barb., 477 ; 22 id., 647.) The defendant did not therefore establish a counter-claim under the Code, and he must rely upon his equitable rights. It is unnecessary to determine what would

be the rights of the defendants in equity, as against Nussbaum, the defendant in the judgment, sought to be set-off. If he was the plaintiff in interest in this action the question would be a different one. Here the rights of the attorney of Nussbaum are concerned. After the judgment sought to be set-off was recovered, Reed, the plaintiff in that judgment, commenced an action to enforce the same against Nussbaum, and another, which was decided adverse to Reed, and a separate judgment for costs in favor of Nussbaum entered. Before the judgment was entered, by an agreement between the plaintiff and Nussbaum, which was reduced to writing, all costs which had accrued or might thereafter accrue in the action were assigned to the former. This was done on the 10th January, 1865, and before the assignment to the defendant, Gilbert, of the judgment in favor of Reed. At the time this assignment was made, the right to set-off the judgment, in favor of Reed, did not exist, and if the transfer was made for a valid consideration, the subsequent entry of judgment in favor of Nussbaum would not create the right. (43 Barb., 58; 4 Hill, 559; 38 N. Y., 107.) The equitable right to offset judgments, therefore, never existed; for when the first judgment was obtained, if the demand was assigned for a good consideration, Nussbaum did not own it. The same is true of the judgment for costs in the General Term and Court of Appeals. The title to the undertaking vested in equity in the plaintiff by virtue of the original agreement, and an assignment would have been compelled if necessary to enable him to enforce it. There is some confusion in the authorities upon the question whether an attorney's lien for costs is superior in equity to the rights of a party to set-off judgments (16 Wend., 446, and cases cited), but I deem it unnecessary to examine the general question. If the question was presented on motion, the prevailing practice in this State has been to protect the lien upon the ground that it is discretionary with the court; while in an action to compel a set-off, the lien would be disregarded upon the ground that the right to set-off is absolute. (Clarke Ch. R.,

433, notes to last edition; 17 How., 146, 341; 2 Robt., 670, and cases cited.)

Putting the case in the most favorable view for the defendant, the question here is whether a party having a judgment against another is entitled to set it off against a judgment for costs in a subsequent litigation commenced by such party against the rights of the attorney who obtained the latter judgment, which rights were secured by an express contract in writing, transferring such costs to him before any judgment was rendered. There is clearly no legal right, for the reasons before stated, and I am unable to appreciate any superior equity. Such a contract is valid, and, if founded upon professional services to be rendered in the case, the consideration is ample and meritorious. If such a transfer was denied to a party, he might be practically deprived of the right of interposing a defence. A person sued has a right to secure his attorney with the prospective costs against his adversary, in consideration of the services to be rendered in earning such costs.

In some cases notice of such agreement may be necessary to protect the attorney, but the object of such notice is to guard against dealing with the assignor. Neither Reed, the defendants' assignor, nor the defendant, who took the assignment, subject to all equities against him, were injured by a want of notice. They parted with nothing, unless the continuance of an adverse litigation, by appealing from court to court, was induced by a want of notice of the rights of the plaintiff, which cannot be maintained. (4 Hill, *supra.*) These views are within the principles decided in 18 and 28 N. Y. (*supra*).

The court erred in directing a verdict for the defendants, and the judgment must be reversed.

All concur.

Judgment reversed.