Chuboh, Ch. J.
I concur in the general views of Judge Talcott in his opinion in the court below, except that I think it is unnecessary to determine that if no equity had intervened in favor of other persons, the plaintiff could not by action have compelled a set-off of the demand of Blodgett while it existed as a verdict and before judgment against the judgment held by him. The power of a court of equity is incidental to the court, and maybe exercised by action in cases when the demands are not in judgment. If or is it necessary to deny that the right of the plaintiff to an offset against the verdict would, but for the rights of other persons, have existed although the verdict was for a personal tort. There is a recognized distinction, in some cases, as to the rights of parties to a set-off, depending upon whether the application is by motion or action. The power of common-law courts to compel a set-off of judgments, by motion, is based upon their supervisory power over their own judgments and suitors in their courts, and is governed by no fixed rules; while, in actions in equity, it is said that suitors may ask the interference of the court ex debito justitia. (14 J. R., 62; 2 Paige, 581.)
The plaintiff bases his right to equitable relief upon the insolvency of the defendant Blodgett, and it is clearly the duty of the court to protect the equities of all persons who have any interest in the demand sought to be set-off. The mutual demands of the plaintiff and Blodgett did not arise out of the same business, and there is no inherent equity in favor of the plaintiff. The question is, which of these parties has the superior equity ? I concur with the conclusions of the learned judge, that the equities of Parker and Granson are superior to those of the plaintiff. The agreement for *124 their services in prosecuting the action for false imprisonment to be compensated by the security of the verdict, when obtained, although not effective to transfer the cause of action, attached as an equitable claim to the verdict, and the assignment transferred the title to them. The contract was not unlawful nor for any reason invalid. The consideration, being for services for obtaining the verdict, gives them a right superior to that of the plaintiffj who occupied no relation to the demand whatever, and was only a common judgment creditor. The only question there can be is as to the $200, which was a precedent debt in favor of Parker; but that was included in the original arrangement, and, we may presume, constituted an inducement, on his part, in undertaking the prosecution; and I see no reason why the insolvency of Blodgett should not inure to his benefit as well as the plaintiff. Mainly concurring in the opinion of Judge Taloott, I do not deem it necessary to repeat the authorities cited by him, nor to review the numerous cases cited in the able and elaborate brief of the counsel for the appellant. It is sufficient to say that no one of them is in conflict with the conclusion arrived at. (Perry v. Chester, Court of Appeals, 53 N. Y., 240.)
The judgment must be affirmed.
All concur except Grover, J., who concurs as to all but the $200.
Judgment affirmed.