FIRMENICH, appellant, v. BOVEE.

*Judgment — Set-off — Attorney's lien.*

In October, 1866, S. and V. recovered a judgment against B. in an action on contract. On August 5, 1872, plaintiff purchased the judgment, and execution was issued and returned wholly unsatisfied. On August 15, 1872, B. was notified of the assignment of the judgment. On June 21, 1872, B. obtained judgment against plaintiff in an action on contract; the case was appealed, and judgment affirmed January 17, 1873, with $53.91 costs. Plaintiff brought an action to compel a set-off of B.'s judgment against his judgment, on the ground that B. was insolvent. The answer was that H., the

Firmenich v. Bovee.

attorney of B., had a lien on B.'s judgment for $150, and another attorney a lien for $20 ; that B., on July 13, 1872, sold the judgment, subject to the lien of the attorneys to K., and that the judgment for costs on the appeal belonged wholly to H. *Held*, that plaintiff was entitled to a set-off of the judgment in favor of B. for costs, notwithstanding the lien of the attorneys, but that plaintiff was not entitled to a set-off as to the judgment assigned to K.

APPEAL by plaintiff from a judgment in favor of defendants on demurrer to the answer. The action was brought in Erie county by Joseph Firmenich against Lorenzo J. Bovee and Lewis Kelsey to set off a judgment owned by plaintiff against defendant Bovee, against a judgment recovered by said Bovee against plaintiff. The defendant Kelsey claimed to own, as assignee, the judgment recovered by Bovee. The opinion states such other facts as are material.

*Hamilton R. Squier,* for appellant. The attorney for defendant cannot enforce his lien against plaintiff's right of set-off. *Nicoll* v. *Nicoll,* 16 Wend. 446 ; *Ackerman* v. *Ackerman,* 14 Abb. 229 ; *Pearl* v. *Robitchek,* 2 Daly, 138 ; *McDowell* v. *Second Av. R. R. Co.,* 4 Bosw. 670 ; *Marshall* v. *Meech,* 51 N. Y. 140. The right of set-off overrides the attorney's lien for costs. *De Figaniere* v. *Young,* 2 Robt. 670 ; *Purchase* v. *Bellows,* 16 Abb. 105 ; *Martin* v. *Kanouse,* 17 How. 146 ; *Hovey* v. *Rubber Co.,* 14 Abb. N. S. 67 ; *Bishop* v. *Garcia,* id. 69. As to effect of assignment by Bovee to Kelsey, see *Rider* v. *Johnson,* 20 Penn. St. 190 ; *Louden* v. *Tiffany,* 5 Watts & Serg. 367 ; *Northampton Bank* v. *Balliet,* 8 id. 311 ; *Simson* v. *Hart,* 14 Johns. 63 ; *Graves* v. *Woodbury,* 4 Hill, 559 ; *Green* v. *Darling,* 5 Mason, 217 ; *People* v. *N. Y. Com. Pleas,* 13 Wend. 649 ; *Miller* v. *Gilman,* 7 Cow. 469 ; *Satterlee* v. *Ten Eyck,* id. 480 ; *Everitt* v. *Strong,* 5 Hill, 163 ; *Cummings* v. *Morris,* 11 E. P. Smith, 625.

*T. P. Heddon,* for respondents.

MULLIN, P. J. On the 26th of October, 1866, Albert Sherwood and John H. Vought recovered a judgment in this court against the defendant Lorenzo J. Bovee, for the sum of $2,354.11 damages, and $126.24 costs in an action on contract. On the 5th of August, 1872, Sherwood, one of the plaintiffs in said judgment, died, and Vought, the survivor of said plaintiffs, for a valuable consideration,

sold and assigned said judgment to the above-named plaintiff. Executions were issued on said judgment and returned wholly unsatisfied.

After plaintiff became the owner of said judgment, and on the 15th of August, 1872, the defendant was notified of the assignment of said judgment to the plaintiff. On the 21st of June, 1872, the defendant recovered a judgment in this court against the plaintiff in an action on contract for the sum of $346.57 for damages and costs. The plaintiff appealed from the last-named judgment to the general term, and that court affirmed it, and judgment of affirmance was entered on the 17th of January, 1873, with $53.91 costs.

This action was brought to compel a set-off of the judgment recovered by defendant against the judgment recovered by the plaintiff, upon the ground of the total insolvency of Bovee. The plaintiff alleges in his complaint, that Lewis Kelsey claimed ownership of the judgment in favor of Bovee against the plaintiff or some interest therein, which claim is unfounded. Kelsey is made a party defendant.

The answers of the defendants contain, first, a general denial of the matters charged in the complaint. For a further defense, it is alleged that Thomas P. Heddon was the attorney for the defendant Bovee in the action in favor of defendants against the plaintiff, and immediately on the recovery of the judgment therein, it was agreed between Bovee and Heddon that the latter should have a lien on said judgment for his costs, disbursements and services in such action for the sum of $150, which lien still subsists, and that no part of such costs have been paid. Bovee agreed with one Ballard, an attorney of this court, that he should have a lien on said judgment for $20 counsel fee for aiding in the trial of said cause, which lien still subsists. That on the 13th of July, 1872, Bovee, for a valuable consideration, sold and assigned said judgment to the defendant Kelsey, subject to the liens aforesaid, and he is now the legal owner and holder thereof and entitled to the money due thereon.

The third defense is that Heddon was attorney for Bovee in the appeal by plaintiff to the general term from the judgment recovered by Bovee against him, and that the judgment for costs and disbursements in that case belong wholly to Heddon, he having earned all the costs and made all of the disbursements therein, and no part of said costs or disbursements having been paid said Heddon, he is entitled to the same.

To the second defense the plaintiff demurs, on the ground that it does not state facts sufficient to constitute a defense. The special term ordered judgment for defendants on the demurrer with costs, with leave to plaintiff to withdraw the demurrer.

In the case of *Nicoll* v. *Nicoll*, 16 Wend. 446, a bill was filed in chancery to set off a judgment in favor of defendant against a judgment in favor of the plaintiff, and to restrain defendant from enforcing his judgment. An injunction was issued which was vacated by the vice-chancellor on the application of the defendant's attorney in the action at law, in which the judgment was recovered, on the ground that he had a lien thereon for his costs. The chancellor affirmed the order of the vice-chancellor. The court of errors reversed the order of the chancellor, and remitted the proceedings with directions to allow the set-off. COWEN, J., delivered the opinion of the court. After stating the practice in the various courts in England and in this State, as to recognizing and enforcing the lien of an attorney on a judgment recovered by him for his costs, and that on motions to set off judgments against each other, it was discretionary whether to grant or refuse the relief asked, says: " But when we come to a bill filed or a trial at law there is no discretion. On motion, the courts proceed without the statute, on a bill filed, or a trial at law, they are within it and must obey it. No authority can be produced where the attorney's lien was ever recognized on a trial at law as barring a set-off, the right to which would be otherwise perfect. * * * No case can be produced, where, on a bill filed, this lien has been let in to obstruct a set-off until *Gridley* v. *Garrison*, 4 Paige, 647, decided by the present chancellor. * * * Rules of practice are many times arbitrary, but when a statute comes in, there is a common principle by which all courts must abide, and which, I think, has been departed from by this decree."

An attorney recovering a judgment has by law a lien upon it for his costs. *Rooney* v. *Second Avenue Railroad Co.*, 18 N. Y. 368. An express agreement that he shall have a lien is of no greater force than the lien given by law, and hence the lien, which ever way it is created, is subject to the right of set-off in a proper action against the client for that purpose.

When, however, the client assigns the judgment or the costs accrued and to accrue in the action to his attorney as security for his costs, the opposite party loses his right of set-off as the assignment becomes operative before the right of set-off attaches. *Perry*

v. *Chester*, 53 N. Y. 240. It follows that the lien of Heddon and Ballard cannot prevent the set-off of the judgment if otherwise admissible.

The right of set-off does not attach until a judgment sought to be set off has been actually recovered. The judgment in favor of defendant against plaintiff was recovered the 21st of June, 1872, but he could not have a right of set-off of the judgment against defendant until he got an assignment of it on the 5th of August, 1872. The assignment of the judgment by Bovee to Kelsey was on the 13th of July, 1872, and before plaintiff had any right to demand a set-off.

Unless, therefore, a notice from Kelsey to plaintiff of the assignment of the judgment against him was essential in order to defeat plaintiff's right of set-off, the plaintiff had no such right, and the demurrer was properly overruled. Notice of the assignment of the judgment against Bovee to the plaintiff is alleged to have been known to Bovee. But notice could not have been given to plaintiff of the assignment of the judgment of Bovee against plaintiff, as plaintiff was an assignee of the judgment, and the fact of the assignment not disclosed.

The parties who recovered the judgment against Bovee had no right of set-off, and hence plaintiff acquired none from them. Having none at the time of the assignment by Bovee to Kelsey, that assignment was a bar to the right of set-off of the judgment for damages and costs.

But if I am right in holding that the plaintiff had a right to a set-off of the judgment in favor of Bovee for costs notwithstanding the lien of his attorneys, the order must be reversed as to that item and affirmed as to the judgment assigned to Kelsey, without costs of the appeal to either party.

*Ordered accordingly.*