Wells, appellant, *v.* Clarkson, respondent.

2  379
3  145

Practice — *motion for rehearing.* It is not proper practice to present a case as though a rehearing had been granted on a motion for rehearing.

Set-off — *unliquidated damages — assignment.* Though a claim for unliquidated damages is not a proper set-off against a claim founded on contract, a judgment in favor of one party is a proper offset against a judgment for damages subsequently obtained by the judgment debtor, and any assignment of such judgment or portion thereof to a third party, after this equitable right has attached, will not be allowed to defeat the same.

*Appeal from Third District, Lewis and Clarke County.*

This was a motion for a rehearing of the case reported *ante*, 230.

W. F. Sanders and E. W. & J. K. Toole, for appellant.

Chumasero & Chadwick, for respondent.

Knowles, J. The respondents ask for a rehearing in this case, and on this motion present all the points they would rely upon if a hearing were granted. This is not proper practice. The motion was made at a former term of this court. Upon this application, we are again cited to authorities where the right of set-off was asked on motion.

We announced, in our former opinion, that such cases are not in point. One case cited, namely, that of *Roberts* v. *Carter,* 38 N. Y. 107, is where a bill in equity was filed to compel a set-off. But it does not meet the question presented in this case. The facts in that case appear from the reported decision to have been that Carter brought an action against Roberts on a contract. Before judgment Carter assigned his claim to one Terry, and on the 23d day of July, 1857, a judgment was entered in favor of Terry in the action. Roberts, at the time of this assignment to Terry, was prosecuting an action against Carter for damages for fraud. The claim of Roberts was for unliquidated damages, at the date of this assignment by Carter to Terry, and hence Roberts, at the date thereof, had no right of set-off, equitable or otherwise,

of a claim for unliquidated damages against a claim on contract, where the damages are liquidated. It was not until sometime after this assignment that Roberts' demand was merged in a judgment, when it would have been the subject of a set-off. Terry then owned the claim, not Carter. Counsel ought to have been able to distinguish between that case and the one at bar. The claim of Wells, Fargo & Co. was one on a contract, and the equitable right, under the circumstances presented in this case, to have their claim set off against that of Clarkson accrued at the date of the rendition of judgment in Clarkson's favor.

The counsel for respondents claim that this court was mistaken as to the facts of the case. They set forth that the assignment to McGregor was not a balance of a judgment, but that the assignment to him was made before Wells, Fargo & Co. paid the sum of $2,500 to Clarkson. This may be true, but the mistake does not affect the former decision in this case.

It does not appear that Wells, Fargo & Co. had any notice of the assignment to McGregor at the time they paid the money to Clarkson. If they had, there might be some question of fraud upon the rights of McGregor presented in the case; but without such notice, McGregor left Wells, Fargo & Co. in a condition where Clarkson could practice a fraud upon them. The attorneys for respondent, throughout this case, seem to ignore certain facts presented, namely: This is a suit in equity; the insolvency of Clarkson is admitted, the facts that show that McGregor was not a *bona fide* purchaser of one-half of this judgment, or whatever interest he was assignee of, are also admitted, and that he had notice of the equities of Wells, Fargo & Co. when he took the assignment.

We find no reason for disturbing the former rulings and decision of this court in this case.

*Motion overruled.*