DENNIS WARDEN, Appellant, v. EMMA FROST, Respondent.

*Practice — but one judgment should be entered where the plaintiff's recovery is so small as to give costs to the defendant — the recovery cannot be assigned so as to prevent the setting off of the lesser against the greater amount.*

On June twenty-fifth the plaintiff entered a judgment in his favor for forty four dollars and nine cents, the amount of a verdict recovered by him upon the trial of this action in the preceding March. July sixteenth he assigned the judgment to his attorneys for their services in the action. July twenty-sixth the defendant entered a judgment for seventy-four dollars and ninety-four cents for costs.

*Held*, that but one judgment should have been entered, and that one for the difference between the two judgments, and that the court properly granted a motion made by the defendant to have the two judgments vacated and a single one for the difference between them entered.

APPEAL from an order of the Erie County Court, setting aside judgments entered respectively in favor of the plaintiff and defendant in this action, and directing a judgment to be entered for the difference between the two judgments, in favor of the defendant.

Upon the trial of this action, which was brought to recover a balance alleged to be due to the plaintiff, the latter recovered a verdict of forty-four dollars and nine cents, on March 25, 1884, and on June 25, 1884, he entered a judgment thereon. On July 16, 1884, he assigned the verdict and judgment to his attorneys in consideration of their services rendered in the action. On July twenty-sixth the defendant entered a judgment for his costs, amounting to seventy-four dollars and ninety-four cents.

---

* Of BRADLEY, J.—[REP.

*Jenkins. Congdon & Jenkins,* for the appellant.

*Adelbert Moot,* for the respondent.

BRADLEY, J. :

The plaintiff had a verdict for forty-four dollars and nine cents, and judgment was entered for that sum. The defendant was entitled to costs and another judgment was entered for seventy-four dollars and ninety-four cents costs in his favor. On defendant's motion an order was made setting aside both judgments and directing the entry of one judgment for the residue of costs after deducting the amount of the verdict. The judgment in favor of the plaintiff after its entry, and ten days before the judgment was entered in favor of the defendant, was by the plaintiff assigned to his attorneys in the action in consideration of their services as such attorneys. The plaintiff's counsel contend that the assignees of the judgment are entitled to protection, and that the judgment cannot, on motion, be set-off or the amount of it applied in satisfaction *pro tanto* of the defendant's costs.

It is well settled that a judgment in one action cannot, by motion, be set-off against a judgment in another action, as against a third person who is a *bona fide* assignee of the latter judgment. (*Perry* v. *Chester,* 53 N. Y., 240 ; *Prouty* v. *Swift,* 10 Hun, 232 ; *Roberts* v. *Carter,* 38 N. Y., 107.) The counsel for the plaintiff seeks to apply that rule to this case, and with that view asserts that the judgment was assigned before the defendant's judgment was entered, and therefore no right to set-off accrued to the defendant before the assignment was made. (*Firmenich* v. *Bovee,* 1 Hun, 532.)

If the motion here was to set off judgments in two actions there would be no difficulty in supporting the proposition on the part of the plaintff. (*Ennis* v. *Curry,* 22 Hun, 584 ; S. C., 61 How., 1.) But this is not that case. There were two judgments entered in this action, when properly there could be only one, and that based upon the verdict. (*Runnell* v. *Griffin,* 8 Abb., 39.) And in such case the lesser amount should be set off as against the larger of the sums to which the respective parties are entitled, and the judgment be effectual for the difference in favor of the party entitled to it. (Code Civil Pro., § 3234 ; *Johnson* v. *Farrell,* 10 Abb., 384.) This right is one of the incidents of the action which is superior to

the lien of the attorney or to the effect of an assignment. It is the right of either party to the action to have the result represented by the difference, and to thus make or receive payment to the extent of the smaller of the two amounts, which may be awarded to them respectively in the action. This rule the law applies to actions, and is not disturbed by the Code.

The provision of the Revised Statutes (2 R. S., 354, § 18) relating to set-offs, had relation to actions for that purpose where a different rule to some extent prevailed than that when sought by motion. (*Ennis* v. *Curry*, 22 Hun, 584.) We think the court below properly disposed of the motion.

The order should be affirmed.

Barker, Haight and Lewis, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.