Dykman, J.
The plaintiff in this suit brought an action against the defendant Catharine E. Rabold to set aside a lease, in which he was defeated. His complaint was dismissed and a judgment was entered against him for the. costs of the action for $242.98.
The defendant George W. Carr was the attorney for the defendant Rabold in that action, and about the time of its commencement an agreement was made between them by which all the costs adjudged to the defendant in that action should belong to him and become his property as compensation for his services therein.
The judgment against the plaintiff for the costs in that feuit was entered on the 2d day of July, 1886, and was assigned to the defendant Carr by the defendant Rabold, by an absolute written assignment on the 10th day of July, 1886.
During all this time the defendant Rabold was largely indebted to the plaintiff and was insolvent also, and one object of the present suit is to procure the offset of suflicient of such indebtedness to extinguish the Rabold judgment and obtain the satisfaction and cancellation thereof.
The trial court refused to allow the offset and dismissed, the complaint as against the defendant Carr, and the-plaintiff has appealed.
An examination of the authorities discloses much uncer. tainty respecting the rights of these parties.
In the case of Davidson v. Alfaro, the judgment assigned to the attornies was for damages as well as costs, and the attornies were protected to the extent of the costs. 80 N. Y., 660.
In Perry v. Chester (53 N. Y., 244), the question presented had much similarity to the one involved here, and it was there decided that a party having a judgment against another was not entitled to set it off against a judgment for costs in a subsequent litigation against the rights of the attorney who obtained the same.
*586 The teaching of these two cases seems to be in favor of the judgment in this action. The judgment held by the -defendant Carr was entirely for costs, and the assignment was made to him in performance of a prior understanding, and the consideration was meritorious and sufficient.
It would seem to follow from the decision in the case of Davidson v. Alfaro (supra), that the defendant Carr was properly protected by permitting him to hold the assignment of the judgment entered entirely for costs, freed from any offset in favor of the plaintiff.
The judgment should be affirmed, with costs.
Pratt, J., concurs; Barnard, P. J., not sitting.