THE STATE, EX REL. SEA ISLE CITY IMPROVEMENT COMPANY, v. THE ASSESSORS OF TAXES OF THE BOROUGH OF SEA ISLE CITY, IN THE COUNTY OF CAPE MAY.

A *mandamus* to assess and levy a tax to pay an execution for costs recovered against a municipal corporation upon *certiorari* will not be denied because of an offer by the municipal authorities to credit the amount of the execution upon taxes in arrear on property of the prosecutor within the municipality.

On rule to show cause why a *mandamus* should not issue to assess and levy an execution.

Argued at February Term, 1898, before Justices Dixon and Collins.

For the relator, *Charles K. Landis, Jr.*

For the defendant, *Eugene C. Cole* and *Samuel W. Beldon.*

The opinion of the court was delivered by

Collins, J.   Costs were awarded against the borough of Sea Isle City, in the county of Cape May, upon a *certiorari* brought to set aside a tax sale and successfully prosecuted by the Sea Isle City Improvement Company.   Judgment was entered and execution issued therefor.   The sheriff served a copy of the execution upon the defendant as assessor of the borough.   Upon such a service an assessor is required by law (*Gen. Stat.*, p. 1421, *pl.* 34) to assess and levy, in addition to the regular taxes, the amount due upon the execution, but the defendant refuses so to do and sets up, as justification

in response to a rule for *mandamus,* that taxes previously assessed against property in the borough belonging to the improvement company are in arrear and unpaid, and that the borough council has offered to credit thereon the amount of the execution.

No enforceable right of set-off is claimed, but it is urged that this court should recognize the supposed equity and refuse a writ resting in discretion.

The word " discretion," when applied to a court of justice, is amplified by Lord Mansfield to mean " a sound discretion guided by law." *Rex* v. *Wilkes,* 4 *Burr.* 2539. Even as to *mandamus,* the prerogative writ most sparingly used, discretion to deny is not arbitrary, but is guided and limited by fixed principles. *Shortt Mand.* *223. In this case we are afforded no legal reason why the relator should be thwarted of his statutory right to collect a judgment against a municipality by compelling resort to the taxing power.

The borough of Sea Isle City, like every municipal corporation, has a legal method to enforce payment of taxes, and that method is exclusive. *City of Camden* v. *Allen,* 2 *Dutcher* 398.

This court cannot create a right of set-off, and if it could it has no power in this proceeding to determine that the taxes claimed are really on relator's property or that they have been legally assessed. . .

Moreover, the costs awarded on the *certiorari* belong to the attorney in that proceeding. There is no proof or presumption that he has been paid by his client.

Applying the analogy of setting off judgments under the equitable power of the court, the lien of the attorney for his costs should be preserved. In such cases this is always done, and is done irrespective of the priority of the judgments. Examples of such protection where the costs attached to the later judgment will be found in the following cases : *Cole* v. *Grant,* 2 *Cai.* 105 ; *Perry* v. *Chester,* 53 *N. Y.* 240.

We decide that the relator is entitled to a *mandamus* as prayed. If the defendant desires to review this decision and

shall so notify this relator's attorney within five days, the case may be put in the shape of an alternative *mandamus*, return and demurrer, with a judgment thereon in favor of the relator, with costs. Otherwise, a peremptory *mandamus* may go, but without costs.