## MYERS v. DAVIS et al.

W. & L., after ordering certain goods to be manufactured, and before they could, with reasonable diligence, be completed, became insolvent, and assigned all their property to the plaintiff: *Held*, that the manufacturers having completed and tendered the goods, could not set off their price against a demand assigned to the plaintiff by W. & L.

Until a demand becomes mature, a set-off may be defeated by the assignment of the claim of the opposite party, though the latter be insolvent, and his demand have not become payable when assigned.

APPEAL from the Supreme Court. Action for goods, wares and merchandise sold by Watrous & Lawrence to the defendants—the plaintiff being the assignee of all their property in trust for creditors. The trial was before Mr. Justice JAMES, a jury having been waived. The judge found these facts: For

some time previous to the failure and assignment of Watrous & Lawrence, there had been mutual dealings between that firm and the defendants, in which work ordered from the defendants was applied upon their account with Watrous & Lawrence for goods sold by the latter—the defendants being entitled to a credit of six months for such goods; but there was no express agreement for such application in respect to the churns to be mentioned. On the 7th February, 1855, Watrous & Lawrence ordered from the defendants, to be manufactured and sent them, one hundred patent churns. W. & L. were to furnish the zinc to be used in the manufacture of such churns, and did furnish the same on the 23d March, 1855: the price of such zinc was one of the items of the demand in suit. On the 30th March, 1855, W. & L. assigned all their property and effects to the plaintiff in trust for creditors. The churns were finished about the middle of May, which was within a reasonable time after they were ordered. Their price exceeded the amount of the plaintiff's demand by $150. The defendants gave notice to the plaintiff that the churns were completed, and offered to deliver them to him upon receiving security for the $150, or to deliver so many as would extinguish his demand against them. The plaintiff's demand did not become due until September, 1855. The plaintiff declined to receive the churns, or any of them. The judge decided that nothing was due to the plaintiff, and ordered judgment dismissing his complaint. Upon appeal, the judgment was affirmed at general term in the fourth district, and the plaintiff appealed to this court. The cause was submitted on printed arguments.

*Myers & Westbrook*, for the appellant.

*William C. Brown*, for the respondents.

DENIO, J. The alteration of the practice, allowing the beneficial owner of a chose in action, not negotiable at law, to sue thereon in his own name, does not change the actual rights of the parties to any assignment of it. The defendants in this

Myers v. Davis.

action are therefore entitled to the same defence which they would have had if the former rule had continued to prevail, and this action had been brought in the name of Watrous & Lawrence, and to no other or different defence. The assignee would have been protected in his equitable rights, notwithstanding the non-negotiable nature of the contract, to the same extent that he is entitled to have them protected now that he can prosecute in his own name. The change effected by the Code is simply as to the form in which the action is to be carried on.

An assignee of a chose in action not negotiable, who has given notice of the assignment, is not liable to be prejudiced by any new dealings between the original parties to the contract; but he takes the contract assigned subject to all the rights which the debtor had acquired prior to the assignment, or to the time notice was given of it, where there is an interval between the execution of the transfer and the notice. When this assignment was executed, the defendants, by accepting the order for the manufacture of the utensils, and entering upon the execution of the work, may have reckoned upon paying the debt which they owed to Watrous & Lawrence in that way. If they had completed it before the assignment, the right to a set-off would have attached, of which the defendants would not have been deprived by any act of Watrous & Lawrence; but, unfortunately for the defendants, no debt had arisen in their favor when Watrous & Lawrence failed and made their assignment; and when a debt afterwards came into existence, by the completion of the work, the demand against the defendants had become the property of the plaintiff as a trustee for the creditors of the insolvent debtors. The rule of law applicable to the case is stated in 2d Revised Statutes, 354, section 18, subdivision 8. To understand the provision, we must bear in mind that, when it was enacted, non-negotiable contracts could only be prosecuted in the name of the original promisee or creditor. It declares that, in an action founded upon a contract not negotiable, which has been assigned by the plaintiff, a demand existing against him at the time of the assignment,

and belonging to the defendant before notice of the assignment, may be set off against the plaintiff's debt, if the demand be such as might have been set off against the plaintiff while the contract sued on belonged to him.   If this suit had been prosecuted in the name of Watrous & Lawrence, for the benefit of their assignee, under the law as it stood before the Code, the defendants' claim for a set-off would have been regulated by this provision; and the condition, that the demand proposed to be set off must have been one existing against the assignors before the assignment, and have been capable of being set off against them while the contract sued on belonged to them, would have been fatal to the defendants.   I have said that the change in the practice does not affect the right to set off.   It certainly does not improve the defendants' condition; for the set-off, if the demand was perfect at the time of the assignment, would not be within the words of the statute, for it would not be against the plaintiff, but against his assignors.   Still, it would, no doubt, be within its spirit.   The defendants' difficulty is, that, at the time of the assignment, they had no demand against any one.

A question somewhat similar to this arose in the late Court of Chancery.   The complainant had held the note of one Isaacs, but had indorsed and transferred it to a third person.   Afterwards he became indebted to Isaacs, and gave him his notes for $700.   Before the note made by Isaacs to the plaintiff, and which the latter had transferred, had matured, Isaacs failed and made an assignment to the defendant for the benefit of his creditors.   After that, the complainant was obliged to take up Isaacs' note which he had indorsed, and he filed the bill against the assignee of Isaacs to compel a set-off of his note against the notes which passed by the assignment.   The bill was dismissed, on the ground that no right to a set-off existed when Isaacs made the assignment, though the complainant was then contingently liable on his indorsement, and after the assignment was compelled to take up the note.   He then, for the first time, had a demand capable of being set off; but before it arose in his favor, Isaacs had ceased to have a corresponding demand

against him, so that there was not, at any time, any mutual credits or mutual demands. (*Chance* v. *Isaacs*, 5 Paige, 592.) So here, there was a contract between Watrous & Lawrence and the defendants, which, if performed by the latter, would create a demand in their favor against them; but, at the time of the assignment, no demand had arisen. A similar principle was determined in this court in *Bradley* v. *Angel* (3 Comst., 475). The complainants filed a bill to compel the set-off of notes which they held against the defendant's testator, payable in one and two years, against a debt which they owed the testator in his lifetime, payable presently; and they showed that the testator died insolvent. The relief was denied, on the ground that it would change the contract of the parties, to the prejudice of the other creditors of the testator. At the time of the assignment to the plaintiff, in this case, the demand of the defendants had not matured so as to be the subject of a set-off; and when it had so matured, the demand against them, on which this suit is brought, had passed into the hands of the plaintiff, against whom they had no claim whatever. If there had been an express agreement that Watrous & Lawrence would receive their pay for the merchandise sold the defendants in articles to be manufactured by them, the demand would not have been collectible until after a default of the defendants in executing their orders. But the judge has found that there was not any such agreement. There was no relation, therefore, between the claims of the respective parties other than that which always exists between persons having reciprocal demands against each other. The rule is, that when such claims exist in a perfect condition at the same time, either party may insist upon a set-off. So, where the one claiming a set-off has a demand against the other, presently payable, and the other party is insolvent, the former may claim to have the set-off made, though the demand of his adversary against him has not become payable. But if, before the demand of the party claiming the set-off becomes mature, the opposite claim has been assigned, whether the assignment carries the legal or only an equitable title, the

right of set-off no longer exists. This is the present case, and the set-off cannot, in my opinion, be claimed.

The judgment must be reversed, and a new trial ordered.

DAVIES and CLERKE, Js., expressed no opinion; all the other judges concurring,

Judgment reversed, and new trial ordered.