### SALLY ANN MACKEY *vs.* WILLIAM MACKEY.

### WILLIAM MACKEY *vs.* EMORY F. WARREN and LORENZO MORRIS.

An assignment made by a party to his attorney, of a verdict and the judgment to be entered upon it, to pay the attorney for his services and disbursements in the action, is upon a good and valid consideration.

After a verdict for the plaintiff, in an action for a personal tort, but before judgment, the plaintiff assigned the verdict, together with the judgment to be entered upon it, to his attorney, in payment for his services and disbursements : *Held*, that the assignment had the effect to transfer the verdict, and the judgment when entered, to the assignee; and that the latter had not only a prior but a superior equity to that of the defendant claiming a right to set off a judgment previously recovered against the assignor.

The equity to have one judgment set off against another can not arise until judgment is actually recovered in the second action. An assignment made previous to that event, transferring a legal, or even an equitable title, to

Mackey *v.* Mackey.

the demand, will have the effect of preventing the right of set-off from accruing.

The case of *Brooks* v. *Hanford* (15 *Abb. Pr. Rep.* 342) overruled.

THE plaintiff in the first of the above causes recovered a judgment for costs against William Mackey, who was plaintiff in the other suit. She sold and assigned her judgment for costs to the defendants in the second suit, on the first of March, 1860. The plaintiff in the second suit recovered a verdict in that suit for fifty dollars damages, on the fourteenth day of November, 1860, for false imprisonment; and on that day he executed and delivered a formal assignment to his attorney of the verdict recovered, together with the judgment to be entered upon it. Judgment was stayed, until exceptions taken by the defendants were heard and decided at general term. That court decided the exceptions against the defendants, and directed judgment accordingly. When judgment was entered, the defendants in the second suit moved to set off their judgment in the first suit against it, which motion was granted. From this order an appeal was taken to this court.

*Henry C. Tucker,* for the appellant.

*Warren & Morris,* in person.

*By the Court,* DANIELS, J. The assignment, the validity of which is in controversy upon this motion, was made and delivered by the party to his attorney immediately after the recovery of the verdict. It was made to pay, or apply upon, a debt owing to the attorney for his services and disbursements, which in law constituted a valid consideration. (*Van Pelt* v. *Boyer,* 8 *How.* 319. *Ward* v. *Syme,* 9 *id.* 16 *Roberts* v. *Carter,* 17 *id.* 341.) And, in terms, it transferred the verdict and the judgment to be entered upon it.

If this assignment was valid, the motion to set off the judgments can not prevail; because the right to set-off does

Mackey *v.* Mackey.

not arise until the judgment to be affected by it is recovered. (*Graves* v. *Woodbury,* 4 *Hill,* 559, *and cases before cited.*) And an assignment previously made, transferring a legal, or even an equitable title to the demand, will have the effect of preventing the right of set-off from accruing. (*Myers* v. *Davis,* 22 *N. Y. Rep.* 489, 493, 494.)

When the present assignment was made, there was neither a judgment nor the right to enter one; for, upon the defendants' motion, judgment was suspended, until certain exceptions they had taken were first heard, and decided by the general term.

This brings the present controversy to the question, whether the assignment had the effect to transfer the verdict, and the judgment when entered, to the attorney. That depends upon the assignability of a demand for a personal tort, after verdict.

The primitive rule of the common law did not permit a demand arising out of a tort to be assigned. Claims of that nature did not survive the party entitled to assert them. A change was afterwards made in this rule, by the enactment of certain statutes allowing the personal representatives to maintain trespass *de bonis asportatis,* where the right of action accrued in the lifetime of the testator or intestate. By an equitable construction of these statutes, the right of the personal representatives to maintain the action was afterwards extended so as to include all actions for damages occasioned by injuries to the property, as distinguished from injuries to the person of the deceased. The same principle was embodied in the statutes of this state. And as a consequence resulting from the enactment of these statutes, and the liberal construction to which the courts subjected them, the doctrine was finally established that all demands arising in tort, which survived to the personal representatives, were assignable. The right to assign was held to be coextensive with the right of the personal representative to redress for injuries to the property of the deceased. (*The People ex rel. Stanton* v.

Mackey *v.* Mackey.

*Tioga Com. Pleas,* 19 *Wend.* 73. *Zabriskie* v. *Smith,* 3 *Kernan,* 332, 336. 3 *R. S. 5th ed.* 202, §§ 4, 5.) The same principle was embodied in the code in 1849. (*Laws of* 1849, *p.* 639, § 121.) This statute provided, that where the cause of action survives, the action may be continued by or against the representative, "or successor in interest," of the deceased party. The terms "successor in interest," which are used in this provision of the statute, are significant, for they assume the assignability of all demands which survive by law. It is by assignment that such a relation is most commonly created. This principle was still further extended in 1857. An amendment was then adopted by which actions for mere personal wrongs were declared to survive, after verdict. (*Laws of* 1857, *vol.* 2, 552, 553, § 121.) By that amendment it is provided, that after the recovery of a verdict, in actions for personal injuries, the action may proceed after the death of the party, in the same manner as where the cause of action previously survived by law; that is, as declared by the law of 1849, by or against the personal representative, or successor in interest. The demand is, under this statute, invested with the attributes of property, after verdict, capable of a legal existence in and of itself.

But without giving too much prominence to the words "successor in interest," the assignability of the demand, after verdict, is sustained by extending to this amendment the same rule of construction that prevailed under the previous statutes. The reason for applying it to cases within the intent of the last amendment is precisely the same as that which first originated the rule itself.

The only direct authority opposed to this conclusion is the case of *Brooks* v. *Hanford,* (15 *Abb. Pr. Rep.* 342.) That case holds that a demand for damages, on account of a mere personal tort, can not be assigned until a judgment is actually recovered. It is a general term decision, and for the purpose of securing uniformity in the administration of the law, should be followed, unless very manifestly wrong, or clearly in con-

flict with the settled course of previous adjudications. But this question was not considered, by the court pronouncing that decision, in view of the chànges necessarily produced by the *recent* amendments to the statute. And the conclusion arrived at is also strikingly in conflict with the doctrine maintained in the earlier cases upon the same subject.

In the case of *The People* v. *Tioga Com. Pleas,* (19 *Wend.* 73,) the instrument relied upon as producing a transfer of the cause of action was in the nature of a power of attorney. It empowered the party to whom it was given, to prosecute an action for seduction, for the benefit of the person receiving it. While the court held that it could not have the effect of transferring the cause of action, it also held that an equitable right to the money recovered was created by it. Cowen, J. says : "Suppose Stanton had got the money, could Thomas have recovered it of him ? I should think, not a cent of it." In *Stanton* v. *Thomas,* (24 *Wend.* 70,) the same instrument again came before the court for consideration. That was an action by the party receiving the power of attorney, against the nominal plaintiff, who had afterwards collected the money recovered by the judgment. The action was assumpsit for money had and received. Nelson, J. delivering the opinion of the court, in reference to the effect of the power of attorney upon the right of action, remarks : "Upon fair construction, it is a power coupled with an interest, and carries by implication the beneficial right of the cause of action, and was so intended by the parties. The money belongs to the assignee, in equity and conscience, and is wrongfully withheld." And again : "It belongs to the plaintiff, has been received in fraud of his rights, and it is held against duty and conscience." Under these authorities the assignment in question, of the verdict and the judgment when entered, certainly conferred upon the assignee an equitable right to the money recovered, superior to that which would have otherwise attached in favor of the moving party, because it was prior in point of time; for the equity, to have one judgment set

Mackey *v.* Mackey.

off against the other, could not arise until judgment was actually recovered. The assignee recovered the verdict as the attorney of the assignor, and through his subsequent exertions and necessary disbursements secured a judgment upon it. He has not only a prior but a superior equity to that of the party claiming the benefit of a set-off. *Bradley* v. *Root, 5 Paige*, 640. *Stanton* v. *Tioga C. P. supra.* 22 *N. Y. Rep.* 493.) Precisely the same question was presented to this court at general term in the sixth district, where a verdict recovered in an action of slander was assigned, before judgment, by the plaintiff, to his attorney. The assignment was substantially the same as the one now in question, and was made after the recovery of the judgment by the defendant, which he moved to set off. But the motion was denied, the court holding that even though the verdict might not be assignable, yet the assignment conferred an equitable right to the money upon the attorney, superior to the right of set-off urged by the defendant. (*Nash* v. *Hamilton,* 3 *Abb. Pr. R.* 35.) It follows that the case of *Brooks* v. *Hanford* must be overruled, and that the judgment assigned to the defendant can not be set off against that recovered upon the verdict assigned by the plaintiff to his attorney. And it is therefore unnecessary to examine the question whether the set-off would be allowed when its effect would be to defeat the attorney's lien for services and disbursements, in a case where the client is insolvent. The order appealed from should be reversed, and the motion denied, without costs.

[ERIE GENERAL TERM, November 21, 1864. *Daniels, Grover* and *Marvin,* Justices.]