The firm of Graydon, McCreery Co., on the 7th of May, 1861, made a general assignment of all their property to the plaintiffs for the benefit of their creditors. At the time of making said assignment, the defendants were indebted to the assignees in the sum of $3,107.42, for goods sold by them to the defendants, on eight months' credit, from August 9 to October 20, 1860. The defendants held and owned, at the time of said assignment, three promissory notes, made by said firm of Graydon, McCreery Co.; the first for $671.28, which had matured April 4, 1861; the second for $998.35, which had matured April 11, 1861; and the other for $1,400.78, which did not mature until May 28, 1861; and none of said notes had been paid. This action was commenced October 3, 1861. After all of said notes had matured, this action was commenced to recover the price of said goods, and the defendants then sought to offset the amount of the said three several notes, all then due and unpaid.
The court charged the jury that the defendants were entitled to offset the amount of the promissory notes held by the defendants, due at the time of making the assignment, with interest from date of maturity, from the amount of the plaintiffs' claim. Said justice further charged the jury that the defendants were not entitled to offset the amount of the note thirdly above described, and which did not mature until *Page 399 
after the making of such assignment, or any portion thereof, from the plaintiffs' claim; to which portion of said charge the defendants' counsel excepted. The jury, under the direction of the court, rendered a verdict for the plaintiffs for $1,534.26; thus allowing the defendants' set-off for the two notes due at the date of the assignment, and rejecting the set-off as to the other, not due at that time.
Judgment on the verdict was affirmed at the General Term, and the defendants appealed to this court.
The only question presented for the consideration of this court upon this appeal is, whether the defendants were entitled to set off against the plaintiffs' demand the amount of the note made by their assignors, which was not due at the time of the assignment to the plaintiffs of the demand against the defendants.
The provisions of the Revised Statutes applicable to set-offs, are as follows: "If the action be founded upon a contract, other than a negotiable promissory note or bill of exchange, which has been assigned by the plaintiff, a demand existing against such plaintiff or any assignee of such contract at the time of the assignment thereof, and belonging to the defendant in good faith before notice of such assignment, may be set off to the amount of the plaintiff's debt, if the demand be such as might have been set off against such plaintiff, or such assignee while the contract belonged to him."
The Code has introduced no new rules affecting set-offs. The alteration made by it, allowing the beneficial owner of a chose in action, not negotiable at law, to sue thereon in his own name, does not change the actual rights of the parties to any assignment of it. The defendant is entitled to the same defense which he would have had if the former rule had continued to prevail, and the action had been brought in the name of the assignor, and to no other or different defense. The assignee would have been protected in his equitable rights, notwithstanding the non-negotiable nature of the contract, to the same extent that he is entitled to have them protected now that the owner or holder can prosecute *Page 400 
in his own name. The change affected by the Code is simply as to the form in which the action is to be carried on. Per DENIO, J., in Myers v. Davis (22 N.Y. 489.)
This action is founded upon an indebtedness other than that arising upon a promissory note or bill of exchange, in other words a non-negotiable contract. It has been assigned by the party, who, previous to the Code, must have been the plaintiff upon the record. In such an event, the statute declares that a demand existing against such plaintiff (now assignor) or any assignee of such contract, at the time of the assignment thereof, may be set off to the amount of the plaintiff's debt.
To entitle the defendant to avail himself of such demand by a set-off, he must show that it belonged to him in good faith before notice of the assignment. There is no point made that the defendant did not acquire all the notes they claimed to set off, prior to the making of the assignment to the plaintiffs. The question therefore is, if the plaintiffs' assignors, at the time of the assignment, had commenced an action against the defendants to recover the amount of the said account, could the defendants have set off the note due May 28, 1861?
This precise point was distinctly presented in Wells v.Stewart (3 Barb. S.C. 40), Stewart on the 14th of April, 1845, made his negotiable note payable to one Coyne, ninety days after date, and which on the 26th day of May, 1845, was assigned to and became the property of Wells. On the 28th of May, 1845, Wells owed Stewart $75.70, which account on that day was assigned by Stewart for the benefit of creditors. The action was in Stewart's name by his assignees, against Wells, to recover the amount of the account, and Wells claimed to set off the note of Stewart.
The action must have been brought months after the note became due. HAND, J., in the opinion of the court, says, that the last clause of the statute above quoted is fatal to the claim set up by Wells. At no time while this account belonged to Stewart, could this note have been set off against the account. Had Stewart sued Wells on the account on *Page 401 
the day he made his assignment, or had the assignees sued him within some weeks afterward, the note would not have applied. The words "if the demand be such," do not apply to the nature, but also to the condition or state thereof. In Watt v. The Mayorof New York (1 Sand. S.C. 23), the action was by one Ellsworth, in Watt's name, as assignee, to recover the amount of several awards payable by the corporation of New York for lands of Watt taken for opening streets in said city. The defendant sought to set off against the award an assessment for benefit upon the land of Watt, made in the same proceedings, and the sole question was, whether such set-off could be made, and the Supreme Court of New York thought it could not. OAKLEY, Ch. J., said, it is clearly a case not coming within any provision of the statute relative to set-offs. At the time of the assignment, there was no right of action by the defendant against Watt, no demand of the assessment having been made, and we are at a loss to perceive any reason why the award in his favor was not assignable before it was due, like any other debt, so as to vest the entire interest in the same in the assignee, whose equitable rights the court is bound to protect.
Beckwith v. Union Bank (4 Sandf. S.C. 604), is to the same effect. The suit was by Beckwith, as assignee of the Messrs. Hunters. At the time of their assignment, there was standing upon the books of the Union Bank a sum of money to the credit of the Hunters. The assignee brought suit to recover this money. At the time of the assignment, the bank held a bill indorsed by the Hunters, which subsequently fell due, and was protested, and the Hunters charged thereon as indorsers, and the bank charged the amount thereof against the credit of the Hunters. The Superior Court held that the assignment having been made in good faith, and transferring to the plaintiff all the property of the Hunters, of every description, the deposit to their credit in the bank thereby became vested in the assignee. Therefore, when the bill fell due, and the Hunters became liable to the bank for its payment, there were no demands existing between them and the bank which could be the subject of set-off. The *Page 402 
money to their credit belonged to the plaintiff. The judgment in this case was affirmed in this court (5 Seld. 211); this court holding that the Code had effected no change in the substantial rights of the parties. In other words, the provision is, that the substantial rights of the defendant shall not be affected by the substitution of the assignee as plaintiff in place of the assignor. Judge JOHNSON observes, in the opinion of the court, that "there is no pretense to hold that, in an action in the name of the Hunters, before the Code, the demand of the bank could have been set off."
The same doctrine is enunciated in Myers v. Davis (ubisupra). That was an action for goods, wares and merchandise, sold by Watrous Lawrence to the defendant, the plaintiff being the assignee of all their property in trust for creditors. The defendant sought to set off an account for work done for Watrous Lawrence, under a contract made with them before their assignment, but upon which nothing was due at the time of the assignment. In the opinion of the court, Judge DENIO said: "If this suit had been prosecuted in the name of Watrous Lawrence for the benefit of their assignee, under the law as it stood before the Code, the defendant's claim for a set-off would have been rejected by the provisions of the Revised Statutes already quoted, and the condition that the demand proposed to be set off, must have been one existing against the assignors before the assignment, and have been capable of being set off against them while the contract held or belonged to them, would have been fatal to the defendants. I have said that the change in the practice does not affect the right to set-off. It certainly does not impair the defendants' condition; for the set-off, if the demand was perfect at the time of the assignors, would not be within the words of the statute, for it would not be against the plaintiff but against his assignors, still it would no doubt be within its spirit. The defendants' difficulty is, that at the time of the assignment, they had no demand against any one * * *. At the time of the assignment to the plaintiff in this case, the demand of the defendants had not matured so as to be the subject of a set-off; *Page 403 
and when it had so matured, the demand against them on which this suit is brought, had passed into the hands of the plaintiff, against whom they had no claim whatever."
So in the case at bar. At the time Graydon, McCreery Co. assigned to the plaintiffs their demand against the defendants, they had no matured demands against them, except upon the two notes. On the authority of this case it is clear, therefore, that the debt not matured could not be the subject of a set-off against these present plaintiffs.
In Chance v. Isaacs (5 Paige, 592), a similar question arose and was decided. The defendant Isaacs, being indebted to the complainant in the sum of $687.28, gave to him a negotiable note for that amount, payable four months after date; which note the complainant soon indorsed and transferred to a third person in the ordinary course of business. Some time afterward the plaintiff became indebted to Isaacs in about the sum of $700, for which he gave him two promissory notes payable at four and six months. A few days before the note of Isaacs fell due, he became insolvent and made an assignment of his property to the defendant Smyth, for the benefit of his creditors, including the two notes of the complainant. When the note given to the complainant fell due it was protested for non-payment, and the complainant, as the indorser, was obliged to pay and take it up. He therefore filed his bill in this cause to restrain the defendant Smyth from parting with the two notes given to Isaacs, and to have the note of Isaacs offset. The vice-chancellor decided that the offset could not be allowed, as the creditors under the assignment had acquired an interest in the notes of the complainant before the note given to and indorsed by him had been protested for non-payment and taken up by him. The bill was dismissed with costs, and on appeal to the chancellor, the decree was affirmed.
So, in Bradley v. Angel, Executor, etc. (3 Comst. 475), where the complainants were indebted to the defendant's testator in the sum of between three thousand and four thousand dollars, to recover which the defendant, as executor, brought an action at law. The complainants thereupon filed their bill to compel *Page 404 
a set-off of certain notes given to them by the testator, which were not yet due, and to restrain the action at law. The estate of the testator was insolvent. It was held, nevertheless, that the bill could not be sustained.
I have looked at the case of Maas v. Goodwin (2 Hilton, 275); and it certainly seems to conflict with the authorities above referred to. With every possible respect for the learned members of the court deciding that case, it cannot be properly followed, and thus overrule the law as unequivocally settled by this court in repeated decisions. We have held, that if, at the time of the assignment, the defendant has no present debt due and payable by the assignor, he has no offset, and that he cannot set off, against a debt due and payable by him to the assignor, a debt of his which matures afterward.
We see no sufficient reason, from any of the suggestions made by the counsel for the appellants, for departing from the doctrine so often enunciated and approved. The judgment appealed from must, therefore, be affirmed, with costs.
All the judges concurring,
Judgment affirmed. *Page 405