## Levy *et al.* versus Levy.

1. By the New York Code, every action must be prosecuted in the name of the real party in interest; two creditors of defendant assigned in New York their claims to the plaintiff, who himself was a creditor of defendant, he brought one suit in Pennsylvania for all in his own name. *Held,* that the suit was properly brought.

2. In Pennsylvania a suit on a chose in action must be brought in the name of the holder of the legal title.

3. When by *lex loci contractûs* the legal title passes by assignment the holder of such title may sue in his own name in whatever forum he brings suit.

June 5th 1875. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Dauphin county:* Of May Term 1875, No. 123.

This was an action brought December 17th 1873, by Abraham Levy and Lewis Levy, trading, &c., as Levy and Brother, against Simon Levy.

The statement of the plaintiffs' claim filed in the suit, included a book account of Levy, Brother & Co., for $786, and one of Samter & Ash for $682.24, against the defendant. These claims on the 2d of December 1872 had been assigned to the plaintiffs in the state of New York. The statement filed included also a claim for $358.13 on a book account of their own against the defendant.

The defendant filed an affidavit of defence, setting out that the debt claimed by plaintiffs in their own right had been fully paid, and that as to the other claims the plaintiffs could not sue in their own names.

Sect. 111 of the New York Code provides that, "Every action must be prosecuted in the name of the party in interest, except as is otherwise provided by sect. 131, but this section shall not be deemed to authorize the assignment of a thing in action not arising out of a contract."

[Levy *v.* Levy.]

A rule was taken by the plaintiffs for judgment for want of a sufficient affidavit of defence.

After argument, Pearson, P. J., held the affidavit sufficient and discharged the rule for judgment.

The plaintiffs took a writ of error and assigned the discharging of their rule for error.

*J. W. Simonton,* for plaintiffs in error.—Under sect. 111 of their code, the New York courts hold that the assignee of a chose in action holding the legal title by written assignment valid on its face is the real party in interest though others may have a beneficial interest with him in the proceeds: Allen *v.* Brown, 44 N. Y. 228 ; Meeker *v.* Claghorn, Id. 349; Hooker *v.* Eagle Bank, 30 Id. 87 ; Byxbie *v.* Wood, 24 Id. 212. The law of maintenance prohibited the transfer of the legal property in a chose in action so as to enable the assignee to sue in his own name ; but this has been abrogated: Peterson *v.* Chemical Bank, 32 N. Y. 45. A legal title cannot exist in assignor and assignee both : Pryor *v.* Wood, 7 Casey 149. By the assignment of the choses in action in this case made in New York under the laws of that state, the legal title passed to the assignees, and the suit *here* must be in their name: Thompson *v.* Bell, 3 E. & B. 236 ; Vanquelin *v.* Bovard, 15 C. B. N. S. 341 ; Trimbey *v.* Vignier, 1 Bing. N. C. 151 ; Bradlaugh *v.* DeSin, Law Rep. 3 Com. B. 473 (1868) ; Story on Conflict of Laws, sects. 242, 316, 353, 354, 358, 359.

*A. H. Weiss* and *R. A. Lamberton,* for defendant in error.— The mode of suing is governed by the *lex fori :* Trimbey *v.* Vignier, 1 Bing. N. C. 151 ; De La Vega *v.* Vianna, 1 B. & Ad. 284 ; Robinson *v.* Bland, 4 Burrow 1084 ; Down *v.* Lippman, 5 Cl. & Fin. 1 ; Ferguson *v.* Fyffe, 8 Id. 121 ; Wilcox *v.* Hunt, 13 Pet. 378; Bank United States *v.* Jones, 8 Id. 361; Andrews *v.* Herriott, 4 Cowan 408 ; Pearsall *v.* Dwight, 2 Mass. 84 ; Wood *v.* Watkinson, 17 Conn. 510 ; Speed *v.* May, 5 Harris 95 ; Watson *v.* Brewster, 1 Barr 381. The inquiry in whose name the suit is brought relates more to form of remedy than to the merits : Story Confl. of Laws, sect. 565 ; Wharton Confl. of Laws, sect. 735. Under statutes similar to sect. 111 of New York Code, it is held, the law of the forum must govern : Foss *v.* Nutting, 14 Gray 485 ; 2 Parsons on Notes, &c., 47, note *e* ; MacDonald *v.* Kneeland, 5 Minn. 365 ; Fisk *v.* Bracket, 32 Verm. 801 ; Harper *v.* Butler, 2 Pet. 239 ; Warren *v.* Copelin, 5 Metc. 597. The distinction between a legal and equitable title still exists in New York : Moore *v.* Metrop. Bank, 55 N. Y. 47 ; Bush *v.* Lathrop, 22 Id. 547 ; Myers *v.* Davis, Id. 91.

Mr. Justice PAXSON delivered the opinion of the court, October 11th 1875.

[Levy v. Levy.]

The defence in this action is purely technical. The affidavi' of the defendant does not deny the original indebtedness, but avers that the amount due the plaintiffs in their own right has been paid, and as to the claims assigned to them, they could not sue in their own name. The rule is well settled in this state, that a suit upon a chose in action must be brought in the name of the holder of the legal title. An assignment of bonds, specialties and notes, under the Act of 28th of May 1715, passes the legal title, and the assignee may sue in his own name. This act has no application to debts due upon book account. An assignment of such claims passes merely the equitable title, and the assignee must sue in the name of his assignor. The only exceptions to this rule are those contained in the Act of 23d of April 1829, viz. : Where the assignor shall die before suit brought, and no letters of administration have been taken out upon his estate; or where such assignor shall leave the state or cannot be found. It is alleged, however, that this suit can be sustained, for the reason that sect. 111 of the New York Code, under which these claims were assigned, expressly authorizes and directs suits in such cases to be brought in the name of the assignee. The force of this suggestion depends upon the further question, whether, by the New York Code referred to, the legal title passes, or whether the code merely authorizes suits to be brought in the name of the holder of the equitable title. So far as the remedy is concerned, it is to be governed by the *lex fori*. Whenever, however, by the *lex loci contractûs*, the legal title passes, the holder of such legal title may sue in his own name in whatever forum he may bring his suit. This rule is recognised by Judge Story, in his Conflict of Laws, sections 342, 316, 353–4, 358–9. In discussing the subject of transfers of choses in action, not valid by the law of the place where suit is brought, but valid by the law of the place where made, he says : " In such case it would seem that the more correct rule would be that the *lex loci contractûs* ought to govern. Under such circumstances, to deny the legal effect of the endorsement, is to construe the obligation, force and effect of a contract made in one place by the law of another. It is not a question as to the form of the remedy, but as to the right;" section 354. Again, in sections 565–6, he says: " There does not seem, therefore, any solid ground, upon principle, why a right, confessedly legal in the country where it originated, and passing a direct and positive fixed title in the assignee, should not have the same remedy in every other country which legal fixed titles in the party are there entitled to. It is assuming the very ground in controversy to assert that it is a mere equitable title, for the local law has adjudged it otherwise, and vested the original title *ex directo* in the assignee." To the same point are Thompson *v.* Bell, 2 E. & B. 236 ; Vanquelin *v.* Bovard, 13 C. B. N. S.

341; Peterson *v.* The Chemical Bank, 32 N. Y. 21; Trimbey *v.* Vignier, 1 Bing. N. C. 151; Lefel *v.* Tucker, 3 Q. B. 77.

The section of the New York Code referred to (111) is as follows: "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 131, but this section shall not be deemed to authorize the assignment of a thing in action not arising out of a contract."

The phraseology of this section differs from that of our own Act of 1715, relative to the assignment of bonds, specialties and notes, but it would not be a strained construction to hold that it was intended to accomplish similar results. It would seem to legalize the assignment of choses in action. The provision that "this section shall not be deemed to authorize the assignment of a thing in action not arising out of a contract," is a strong negative pregnant, going to show that such things in action as do arise out of contracts may be assigned. Upon this point, however, we must look for light to the decisions of the courts of the state of New York. Their construction of their own statute, upon such a question as this, is conclusive upon us. In Myers *v.* Davis, 22 N. Y. 491 and Bush. *v.* Lathrop, Id. 547, it was at least doubted whether the legal title passed by an assignment of a chose in action under the code. But the later cases look the other way. In Cummings *v.* Morris, 25 N. Y. 625, it was said by Allen, J., referring to this section of the code: "The object of this provision was to abolish the distinction between the former practice of courts of common law and chancery, and to give full effect at law as well as in equity to assignments of rights of actions, by permitting and recognising the assignee to sue in his own name. * * * The assignment gives him the legal title, and makes him the party plaintiff." In Hooker *v.* The Eagle Bank of Rochester, 30 N. Y. 87, the court say: "Under the code, an assignment valid as an equitable assignment is equally valid at law." In Peterson *v.* The Chemical Bank, 32 N. Y. 45, it is said: "The law of maintenance, while it existed, prohibited the transfer of the legal title to a chose in action so as to give the assignee a right of action in his own name. But as this is now abrogated, such a demand as that which is asserted, against the defendant in this suit, may be sold and conveyed so as to vest in the purchaser all the legal as well as the equitable rights of the original creditor." To the same effect are Allen *v.* Brown, 44 N. Y. 228, and Meeker *v.* Claghorn, Id. 349. In the latter case, the court say: "Within numerous decisions that have been made in this court (Errors and Appeals), and in the Supreme Court, the plaintiff, under the absolute assignment in writing to him, is the *legal* holder of the claim against the defendant, and the real party in interest."

The weight of authority in the New York state courts· is very

[Levy *v.* Levy.]

decided that the legal as well as the equitable title passes by an assignment of a chose in action, under their code. This is decisive of the case. The rule in this state is that the suit must be brought in the name of the holder of the legal title. If the plaintiffs were the holders of the legal title, by the law of the state of New York, where the assignment was made, they are the holders of it here, and their suit was well brought.

We have not adverted to the effect of our statute of 1829. It is not necessary for the purposes of this case. We rest our decision upon the effect of the assignment under the code of New York.

> The order discharging the rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, is reversed and set aside; and it is now ordered that the record be remitted to the court below, with directions to enter judgment against the defendant for such sum as to right and justice may belong.