JOHN S. PROUTY, Appellant, *v.* FREDERICK B. SWIFT AND ALVIN BURT, Respondents.

*Judgment — action to set off — effect of prior assignment of judgment.*

The plaintiff recovered a judgment against the defendant Swift in January, 1868. On appeal the same was modified by the Court of Appeals, and the modified judgment was entered in plaintiff's favor on the 27th of March, 1873. In October, 1868, Swift commenced an action against the plaintiff, and on the 10th of November, 1870, a judgment in his favor was entered upon the report of a referee. Before taking up the report Swift assigned to his attorney, the defendant Burt, his claim and the said report, in payment of services rendered and to be rendered in both actions, and thereafter assigned the judgment to him.

In this action, brought by the plaintiff to have the judgment recovered by Swift set off against the one in plaintiff's favor, *held*, that the assignment vested an absolute title to the judgment in Burt, and that when plaintiff's judgment was finally entered against Swift, the latter had no judgment against him which could be set off against it.

Distinctions between rights arising under an attorney's lien upon a judgment and under an assignment thereof, and of remedy by motion and action to offset judgments, considered.

APPEAL from an order refusing to grant an injunction *pendente lite*, to restrain the defendants, or either of them, from proceeding to collect a judgment which the plaintiff claimed the right to extinguish by setting off against it a judgment in his favor.

*Davis & Lyon*, for the appellant.

*J. E. Carey*, for the respondents.

BRADY, J.:

The plaintiff recovered a judgment against the defendant Swift, and the latter recovered a judgment against the plaintiff.

The plaintiff sought, by motion and the application of the law of set off, to extinguish the defendant Swift's judgment, but was unsuccessful, inasmuch as the attorney for the defendant had a lien upon it for its full amount. The plaintiff now seeks to accomplish the same object by this action. The plaintiff's judgment was recovered in the Supreme Court on the 16th January, 1868.

Appeals were taken to the General Term of that court, and to the Court of Appeals. The judgment, modified by the decision of the last court named, was finally entered on the 27th March, 1873. Burt, one of the defendants in this action, was the attorney for Swift in that action in all the various proceedings in it. After the recovery of the judgment in January, 1868, and on or about October, 1868, Swift commenced an action in this court against Prouty, and on the 10th November, 1870, recovered a judgment.

Appeals were taken to the General Term of this court and to the Court of Appeals. The judgment was affirmed by both tribunals.

Burt, one of the defendants herein, as already stated, before the report of the referee was taken up, agreed with Swift to take an assignment of the claim and report, in full payment for his services, and also agreed to pay J. E. Cary, Esq., associate counsel, for his services, and further to argue the appeal from the judgment in favor of the plaintiff rendered in the Superior Court without extra charge, the defendant Swift agreeing that Burt's expenses to and from Albany should be paid by him, if the argument should be made before the Court of Appeals there. This agreement was prior to the entry of the judgment in favor of Swift on the 10th November, 1870, and of course prior to the judgment of the Court of Appeals in the action against Swift. The judgment was also assigned.

It is quite apparent, on this statement of the facts, that the plaintiff herein was not in a condition to ask to set off his judgment against the judgment of Swift, at the time of the assignment to Burt, because an appeal was pending and undetermined. (See *De Figaniere* v. *Young*, 2 Robt., 670.)

The appeal stayed his proceedings and rendered it uncertain whether his judgment would be retained. The assignment was made not only for services rendered in the actions of the plaintiff against Swift and Swift against the plaintiff, but for services prospectively to be rendered in each case. These services were rendered. The claim of the defendant Burt, it will also be perceived, does not rest upon his lien for the services, but upon an assignment which stands upon a valid consideration, executed in good faith and for an honest purpose. The laborer is worthy of his hire.

The question is whether it shall be secured to him under the circumstances, or yielded to the plaintiff herein. The courts have

declared against the lien of an attorney, when in an action the statutory right of set-off was invoked, making a distinction between motions for that purpose and actions brought.

The rule is familiar and needs only to be stated. The lien of the attorney, however, grows out of the services rendered and after they are rendered, as a general rule, and are not necessarily the offspring of an agreement securing it. It grows out of the relations of the parties to each other. A lien is, however, different from an assignment, especially when the latter is founded not only upon services rendered but to be rendered, and which services to be rendered are the equivalent of so much money paid as those services would be worth. There is no statutory right given to defeat a *bona fide* assignment, legal in all respects. When the statute which the plaintiff invokes was passed, there was no statute authorizing an agreement between attorney and client in relation to the subject-matter of the action to be commenced or in progress, and such a statute having been enacted (see Code, § 303) all prior statutes in conflict with it are repealed by implication. The assignment, therefore, vested in Burt an absolute right, and when the judgment of the plaintiff herein was finally entered against Swift, the latter had no judgment in his favor, for as we have seen it had been assigned long before to the defendant Burt. It had indeed never been the property of Swift, for as we have also seen, the report of the referee, on which it was based, was transferred and became the property of Burt before it was taken up. As the right to set off judgments does not accrue until judgment has been perfected, the *bona fide* assignment, previous to judgment, will cut off the right to have such judgment set off against the party in whose favor it was rendered. (*Perry* v. *Chester*, 53 N. Y., 243 ; *Mackey* v. *Mackey*, 43 Barb., 58 ; *Roberts* v. *Carter*, 38 N. Y., 107.)

For these reasons the order appealed from should be affirmed, with ten dollars costs and the disbursements of this appeal.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.