UNITED STATES BUNG MANUF'G CO. *v.* ARMSTRONG.

(*Circuit Court, S. D. Ohio, W. D.* February 29, 1888.)

EQUITY—EQUITABLE SET-OFFS—INDEPENDENT DEBTS—WAIVER.
The voluntary payment by the maker of a promissory note, with a full knowledge of all the facts, operates as an abandonment and waiver of all right to set off cross-demands or independent debts, and a bill disclosing such facts presents no case for equitable relief by way of equitable set-off.

In Equity. On demurrer to bill.

The United States Bung Manufacturing Company, as maker, paid David Armstrong as receiver of the Fidelity National Bank a certain promissory note, and afterwards filed their bill in equity to secure right of offset. The defendants demurred to plaintiff's bill.

*M. B. Hagans,* for complainant.

*E. W. Kittredge* and *W. B. Burnet,* for respondent.

JACKSON, J. The demurrer to this bill is well taken, and must be sustained. The complainant's right of offset was waived or abandoned by its payment of the note described in the bill. That payment was made voluntarily, with full knowledge of all the facts. It was made by the maker of the note,—the party legally bound to pay. Such payment does not operate as an equitable assignment of the collecting bank's rights as against the Fidelity Bank or its receiver. If the complainant had intended to rely upon its debts against the Fidelity National Bank as a set-off against its note, it should have declined payment of the note, stood suit thereon, and set up its counter-claim as a set-off. This was not done, but it paid its note voluntarily, and now invokes the aid of this court to enforce what is called its "equitable right of set-off." The facts presented by the bill do not raise any such equitable right.

It is well settled that the mere existence of cross-demands or independent debts does not create any right to an equitable set-off. There must exist a mutual credit between the parties, founded at the time upon the existence of some debt, due by the crediting party to the other. "By mutual credit," says Story, Eq. Jur. § 1435, "in the sense in which the terms are here used, we are to understand a knowledge on both sides of an existing debt due to one party, and a credit by the other party, founded on and trusting to such debt as a means of discharging it." Mutual credit means something different from mutual debts. Mutual credit, such as will give rise to an equitable set-off, applies only to that class of cases where there has been mutual trust or understanding that an existing debt should be discharged by a credit given upon the ground of such debt. The bill presents no such case. It discloses nothing more than the existence of cross-demands or independent debts, which could have been set off at law, if complainant had asserted its right to do so at the proper time, and in the proper mode. Having voluntarily waived or abandoned this legal right and remedy by paying the note to avoid

being sued thereon, it presents no case for equitable relief by way of equitable set-off under the authorities.

This demurrer is accordingly sustained, and the bill is dismissed with costs.