ANGLO–AMERICAN PROVISION CO. v. DAVIS PROVISION CO. et al.

(Circuit Court, S. D. New York.   January 10, 1902.)

1. CORPORATIONS—TRANSFER OF PROPERTY TO OFFICER—VALIDITY.

A transaction by which an officer of a solvent corporation indorsed its notes to enable it to borrow money to pay a judgment recovered against it by a third party, under an agreement that the corporation would assign to him a certain chose in action as security, where the parties acted in good faith, and the money borrowed was used in paying the judgment, cannot be impeached as ultra vires or fraudulent, and the agreement is a sufficient consideration to sustain the subsequent assignment of the chose in action to the indorser.[1]

2. JUDGMENTS—SET-OFF OF JUDGMENTS IN EQUITY—RIGHT AS AGAINST ASSIGNEE.

Pending an action in a court of New York by one corporation against another, the plaintiff assigned its cause of action to one of its officers, pursuant to a previous agreement therefor, which constituted a valid consideration; but the action proceeded to judgment, as permitted by the statutes of the state, in the name of the original plaintiff. Subsequent to such agreement to assign, but prior to the actual assignment, the defendant corporation commenced an action against the plaintiff corporation in another state, in which it subsequently recovered a judgment. *Held*, that it could not maintain a suit in equity to have such judgment set off against the New York judgment, although the corporation plaintiff therein was insolvent, since, under the law of the state, its judgment could not be set off as against a prior bona fide assignee of the adverse judgment, and, if the cause of action on which its judgment was based was available to defeat recovery pro tanto by the plaintiff in the New York action, it could have been pleaded therein as a counterclaim, and a failure to so assert it was a waiver of the right.

In Equity.   On final hearing.

The complainant recovered a judgment against the defendant, the Davis Provision Company, in the circuit court of Illinois on the 6th day of January, 1899, for the sum of $5,049.   The defendant, the Davis Provision Company, recovered a judgment against the complainant on the 13th day of December, 1895, in the supreme court of New York, for the sum of $9,241, which judgment was subsequently modified and affirmed and final judgment was entered for $9,678 on the 16th day of July, 1900.   The cause of action in the Illinois suit might have been counterclaimed in the New York suit and vice versa.   The complainant seeks to have the first of these judgments set off, pro tanto, against the second.   Both of these corporations were organized under the laws of Illinois.   The Davis Provision Company is insolvent, having no substantial assets of any kind.   The case was before this court upon demurrer to the bill (105 Fed. 536), where it was held that such an action might be maintained.   Various defenses are alleged in the answer, but at the argument the only two relied on were as follows:   First. That by virtue of an agreement made October 23, 1893, the various choses in action which culminated in the judgment of $9,678, were, on the 27th day of May, 1895, for a valuable consideration, assigned to the defendant Smith M. Weed.   Second. That the complainant has been guilty of laches in not setting up the cause of action upon which the Illinois judgment was obtained as a counterclaim in the New York action.

Henry Wilson Bridges, for complainant.

Frank E. Smith, for defendants.

COXE, District Judge.   Since the decision on the demurrer the question of jurisdiction is no longer an open one in this court.   The

---

[1] Power of officers and directors in their individual capacity to deal with corporation, see note to Bensiek v. Thomas, 13 C. C. A. 466.

first question now to be decided is whether the judgment recovered in the name of the Davis Provision Company belongs to that company or to the defendant Smith M. Weed. The following facts seem to be established: In December, 1892, the Davis Company gave the Anglo Company three notes, aggregating $23,546, in settlement of its account, which notes were transferred to Fowler Bros., Limited, an English corporation, having the same interests and being identical with the Anglo Company so far as the transactions in controversy are concerned. In October, 1893, a judgment for about $19,000 was recovered against the Davis Company on the notes. In order to pay this judgment it was necessary to borrow $13,500 from the Plattsburg bank. The bank agreed to loan the money provided the defendant Smith M. Weed would indorse the paper, the Davis Company to give him as security the claims against the Anglo Company and certain stock which turned out to be worthless. The proceeds of the discount then made paid the Fowler judgment and was, practically, a payment to the Anglo Company. There is still owing the bank on account of this loan about $10,000 on renewal notes made or indorsed by the defendant Weed. The loan of $13,-500 was negotiated by Henry Davis the president, treasurer and general manager of the Davis Company, who, in doing so, was acting within the scope of his authority. The court is unable to find any proof that the Davis Company was insolvent at the time of this discount or any direct proof that Weed knew at that time of the claims which were soon afterwards included in the Illinois suit. On the 27th of May, 1895, during the pendency of the action which resulted in the $9,678 judgment, the Davis Company transferred, by written assignment, the claims in controversy to said Weed. Thereafter the action proceeded in the name of the original plaintiff, but this is permitted by the Code of Civil Procedure of New York, § 756. The court has searched the record in vain for any evidence of fraudulent or collusive conduct on the part of the defendants in relation to the transfer of these claims. It is true that the business was informally and carelessly done, that the records of the Davis Company fail to disclose the transaction, that Weed was vice president of the company at the time and that there is evidence tending to show that the company exercised dominion over the claims after the assignment to Weed. But all this is insufficient to overthrow the positive proof that the assignment and the agreement therefor were in fact made. In order to reach a contrary conclusion the court must arbitrarily reject the uncontradicted testimony of a number of intelligent and unimpeached witnesses. This cannot be done. If the transaction were one where a director has taken or concealed the property of the company for his own advantage to pay his antecedent debts or to prevent it from being reached by the creditors, a very different case would be presented. Here, on the contrary, the action of Weed in procuring $13,500 on his personal credit and paying it into the company's treasury was an act from which he could derive no personal benefit and which was likely to result, as in fact it has resulted, in pecuniary loss to him. It was not an act in hostility to the company and its interests, or the interests of its creditors, but

was for the benefit of all of these. It was done apparently in entire good faith to enable the company to pay its debts and continue in business. It was not an act in contemplation of insolvency, but to prevent insolvency. It was not done to cheat the creditors, but to pay them; certainly there could have been no purpose to defraud the complainant, for the money thus raised was paid directly to the complainant. In short, instead of being ultra vires and fraudulent it was a laudable and necessary act, the neglect of which would probably have resulted in the immediate failure of the Davis Company. It must, therefore, be held that the assignment of May 27, 1895, was the fulfillment of the agreement of October 23, 1893, and that it was a bona fide transaction. Barber v. Spencer, 11 Paige, 517, 518. The judgment recovered in the supreme court of New York, December 13, 1895, and affirmed by the court of appeals July 16, 1900, though nominally in favor of the Davis Company was, therefore, actually in favor of Smith M. Weed against the Anglo Company. The sequence of the important events is as follows: Weed's agreement to sign notes for $13,500, with claims as security, was October 23, 1893. The Anglo Company's Illinois action was commenced November 4, 1893. The Davis Company's New York action was commenced June 12, 1894. The written assignment to Weed was May 27, 1895. The bill for a receiver of the Davis Company, Weed being complainant, was filed in Illinois May 27, 1895. The judgment in the New York supreme court was entered December 13, 1895. The judgment in Illinois was entered January 6, 1899. The affirmance of the New York judgment was July 16, 1900.

The foregoing facts having been established the question remaining is whether the prayer of the bill can be granted, namely, that the judgment of the Anglo Company of January, 1899, be set off against the New York judgment of December, 1895, as affirmed in 1900. The rule seems to be established in this state that the bona fide assignee of a judgment can collect it of the judgment debtor notwithstanding the fact that afterwards the latter recovers a judgment against the assignor. The second judgment cannot be set off against the first. The law is thus stated in Prouty v. Swift, 10 Hun, 232:

"As the right to set off judgments does not accrue until judgment has been perfected, the bona fide assignment, previous to judgment, will cut off the right to have such judgment set off against the party in whose favor it was rendered,"—citing Perry v. Chester, 53 N. Y. 242; Mackey v. Mackey, 43 Barb. 58; Roberts v. Carter, 38 N. Y. 107.

It may be conceded that in October, 1893, when Wood acquired an equitable interest in the chose in action against the Anglo Company his interest was liable to be defeated by counterclaims properly asserted against the Davis Company. But no such claims were asserted although it is admitted that they might have been; had they been, Weed would have been given an opportunity to investigate and defeat them. Moreover, no such claims are asserted now; they are merged in the judgment which did not come into being until 1899— over five years after Weed's equities accrued. Lowell v. Lane, 33 Barb. 292, and cases cited on page 295. A court of equity will not

ordinarily interfere with judgments at law or to enforce a set-off in favor of one who has had an opportunity to plead it as defense in an action at law and has voluntarily waived it there. Hendrickson v. Hinckley, 17 How. 443, 15 L. Ed. 123; Manufacturing Co. v. Armstrong (C. C.) 34 Fed. 94. The fact that the judgment creditor is insolvent does not alter the rule, in the absence of proof that the judgment debtor could not have set off his demand in the suit in which judgment was recovered against him. Wolcott v. Jones, 4 Allen, 367. Assuming that Weed took the claims against the Anglo Company subject to all equities existing at the time of the transfer it is manifest that if the cause of action in the Illinois case was not then available as a counterclaim or a defense the rights of Weed cannot be affected by anything occurring thereafter. In other words, the title of Weed cannot be destroyed because the claims assigned to him might have been defeated, if they had remained in the hands of the assignor, by defenses and counterclaims which did not arise or become available until after the date of the assignment. Hackett v. Connett, 2 Edw. Ch. 73. Either the Anglo Company had a defense to the claims held by Weed or it did not. If it did have such a defense it should have asserted it. No case has been cited by the complainant or found by the court where a set-off has been permitted upon such facts as are here established.

It follows that the bill must be dismissed.